## FLORENCE RIESNER v. LEO RIESNER

9 So. (2nd) 108                    Division B
July 3, 1942

Edmund B. Sigman, for appellant.
Talbot Whitfield, for appellee.

CHAPMAN, J.:

The sole question presented by this appeal is the sufficiency of the evidence to sustain the rulings of the chancellor below when entering orders dated January 14, 1942, and December 6, 1941, the terms of which reduced the amount of the monthly allowance from the sum of $50.00 per week to the sum of $35.00 per week to be paid by Leo Riesner to David Riesner, a minor, the adopted child of Leo Riesner and Florence Riesner, the custody of whom, by a previous order, had been awarded to Florence Riesner simultaneously with the granting of a divorce, and the weekly payments were made to her under the terms of the decree. The case comes here for the third time. See Riesner v. Riesner, 129 Fla. 762, 176 So. 765; Riesner v. Riesner, 136 Fla. 129, 186 So. 669.

Hearings were had before the chancellor on a rule to show cause and testimony of the parties was taken, and after hearing all the testimony it was the conclusion of the chancellor that because of financial reverses of Leo Riesner the weekly payments should be reduced. It is true and the record reflects evidence to the effect that Leo Riesner's property holdings had been altered or changed for the purpose of presenting to the Court the favorable results of the alleged change of Riesner's financial status. In a previous pleading filed in the case *supra* by him it was admitted

he could and was financially able to pay $40.00 per week. Minor children are wards of the court and the law grants broad discretion in making orders affecting their welfare. It has not been shown that the challenged orders are erroneous or that the chancellor abused his discretion. Cases on appeal to this court, come here, with the presumption of correctness as to the rulings challenged. We fail to find error in the record.

Affirmed.

BROWN, C. J., and TERRELL and THOMAS, JJ., concur.