233 So.2d 408 (1970)
Sylvia JELKE, Appellant,
v.
Minot Frazier JELKE, Appellee.
No. 69-795.
District Court of Appeal of Florida, Third District.
February 17, 1970.
Rehearing Denied April 20, 1970.
Horton & Schwartz, Krystow, Gay & Claiborne, Miami, for appellant.
Lurie & Capuano, Miami, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and HENDRY, JJ.
*409 PEARSON, Chief Judge.
Sylvia Jelke, former wife of Minot Frazier Jelke, brings this interlocutory appeal from an order denying her petition for modification of the child support provisions of the final judgment of divorce. We hold that the uncontradicted evidence required a modification of some portions of the support provisions in the final judgment and that therefore the trial judge erred in failing to modify the judgment.
We reverse in part.
The parties were divorced in 1961. The final judgment incorporated a property settlement agreement. The provisions of that agreement in question here concern: (1) payment of $300 per month for each child; (2) transfer of the father's one-half interest in the marital home to a trustee for the two minor children; (3) sale of the marital home within 15 years of the date of the decree and use of the proceeds of the children's one-half interest for their education.
The petition for modification alleged that the amount necessary to support the children had increased and that the financial position of Mr. Jelke had substantially improved. The uncontested evidence shows that Mr. Jelke is able to make increased payments and that the needs of the children have increased. It was revealed however that Mr. Jelke has voluntarily paid: (1) an additional $100 per week for child support; (2) the annual tax on the home, approximately $1750; (3) $2400 per year for the children's private schooling.
Mrs. Jelke testified that $905 per month was required in general expenses to support the two children, who are now ten and eleven years old. In addition she asked that the judgment be modified to require the appellee to pay medical expenses, the $2400 yearly cost of the private schooling, the taxes on the home, and $20,000 to repair the home. Mr. Jelke stopped making the voluntary payments when Mrs. Jelke filed the petition for modification.
Mr. Jelke urges that the trial judge correctly ruled that modification was improper because the amounts set in the final judgment had been determined by a property settlement agreement. It is clear that where increased needs and an increased ability to provide for the needs are shown, a trial court has the power to require increased child support payments even though the amounts set in the judgment were those provided in a property settlement agreement incorporated into the final judgment of divorce. See Sirkin v. Sirkin, Fla.App. 1967, 204 So.2d 13. Further, it is error for a court to deny a petition for modification in the face of essentially undisputed evidence of a husband's improved ability to pay and substantially increased needs of the husband's children. See Chord v. Chord, Fla.App. 1968, 209 So.2d 281. Voluntary payments beyond the amount required in the final judgment are not a sufficient basis for an order increasing the payments. Nevertheless, voluntary payments continued over a sufficient period of time to meet specific needs do have some evidentiary value in tending to show a recognition by the parties of increased needs.
The trial judge has not been shown to be in error in denying the amount claimed for repairs to the home. There is no testimony in the record to show that the contemplated repairs are necessary for the support of the children. Mrs. Jelke claimed she needed an additional $305 per month in child support. Mr. Jelke has acknowledged this need by making payments of an additional $100 per week after his ability to pay improved. We therefore hold that the trial judge erred in failing to take into consideration the interpretation the parties themselves had put upon the ability of the father and the needs of the children. The same situation exists as to the payment of the taxes on the home for the children. These payments have been made over several years and are a recognition by the father that they are proper because of his improved ability and the increased *410 needs of the children. Similarly we think the court incorrectly refused to require payment of the private school tuition. Mr. Jelke's payment amounts to an agreement with his former wife that it is in the best interest of the children for them to attend private school.
Argument is made that the court properly left the children to the demonstrated generosity of their father, who, having voluntarily made payments, would in all probability continue to do so as soon as this litigation is terminated. While this may in fact be true, it is not a proper basis for the court's failure to make a modification in keeping with the needs of the children and the ability of their father. We are most reluctant to require an individual to do that which he has been doing voluntarily. Nevertheless we must do so in the present instance because courts have the duty to increase or decrease child support payments in accordance with substantial changes in the ability of the father and the needs of the children. Here the uncontroverted testimony shows such changes. And it is these changes  not the factor of voluntary payments  that require today's decision.
Therefore the order denying the petition for modification is reversed. This cause is remanded with directions to enter an order granting the petition for modification in the following particulars: (1) by increasing the amount of the monthly payment for the support of both children to $905 per month; (2) by requiring the appellee to pay the annual taxes on the domicile until it is sold; (3) by providing for the payment of $2400 each year for the private schooling of the two children. In all other particulars the petition for modification was properly denied.
Affirmed in part, reversed in part, and remanded with directions.
HENDRY, J., concurs in judgment.