JOHNSON, Chief Judge.
This is an Interlocutory Appeal from the Circuit Court of Taylor County, Florida.
In summary, this case hinges upon the interpretation of a property settlement *447 agreement which was incorporated in the final decree of divorce between the parties, particularly that portion of the agreement dealing with the amount of alimony.
The agreement provided, inter alia, that the plaintiff, L. P. Gibson, would pay to the defendant the sum of $1535.00 per month the rest of her life, except as elsewhere provided in said Agreement. In the same paragraph providing for the alimony, there is a provision that if a certain Gulf Life Insurance policy was terminated, can-celled, or lapsed, that such alimony payment would be reduced from $1535.00 per month to $1290.00 per month. (The difference being the amount of the premium on said policy.) This same paragraph also provides that such alimony shall be a charge against the plaintiff’s estate, apparently at the reduced rate of $1290.00.
The trial court entered a comprehensive order on the petition for rule to show cause, but declined to find the plaintiff in contempt for failure to pay the full alimony payment, but did decree that the agreement in question was not ambiguous, nor that it needed any further interpretation or clarification by the court. The court then held that the alimony was fixed at $1535.00 per month, and did not take into consideration the payment of the premium on the Gulf Life Insurance policy.
The premiums had been waived due to the disability of the plaintiff in the amount of $245.00 per month and the trial court termed this as “windfall” in favor of the defendant.
We have examined the briefs as well as the record and we are of the opinion that when taken as a whole, it appears to be the intent of the parties that the alimony per se was $1290.00 and that the additional amount of $245.00 included in the alimony payment was more in the nature of a property settlement than as alimony. The disability of the plaintiff having brought about the waiver of premium in the amount of $245.00, inured to the benefit of the plaintiff. The defendant had no control over the plaintiff’s disability nor could she demand the plaintiff to take his disability; therefore, it is apparent from a reading of the provisions of the Agreement pertaining to alimony and the insurance policy, that a reasonable interpretation of such Agreement leads to the conclusion that the alimony provisions would include the necessary money for the payment of the insurance policy premiums and when such premiums no longer had to be paid, then the alimony would be reduced to such amount, namely, $1290.00.
We therefore hold that the plaintiff was right in interpreting the amount of alimony to be $1290.00 per' month, so long as the disability from which the waiver of premium arose, continued to exist.
The order of the trial court is therefore reversed and remanded to the trial court for entry of an appropriate order not in conflict with these provisions of this opinion.
Reversed and Remanded.
RAWLS and SPECTOR, JJ., concur.