MELVIN, WOODROW M., Associate Judge.
The appellant brings for review an adverse judgment entered against him in a proceeding to modify the property settlement portion of the final judgment of divorce entered in the suit of Ruth Gloria Lamar v. John W. Lamar on February 15, 1968. The property settlement agreement provided for an agreeable distribution of the real and personal property between the then husband and wife, and made agreeable provisions for the support of the two minor children born to the marriage of the parties, viz: Jill Dianne Lamar, age 14 years, and Jacqueline Rose Lamar, age 7 years. Jacqueline has been afflicted since birth with cerebral palsy.
The property settlement agreement provided in part that Ruth Gloria Lamar would convey to John W. Lamar a small parcel of land in Dade County, Florida, designated in the agreement as the north one acre of parcel one. From the date of the final judgment to May 14, 1971, the date Ruth Gloria Lamar Beuche filed her petition for modification she had not performed her agreement to convey the one acre now in question to John W. Lamar. The thrust of the petition for modification was to obtain an order requiring John W. Lamar to convey to her the subject one acre, in trust for Jacqueline.
The entirety of the testimony of the former Mrs. Lamar in support of the petition was to the effect that Jacqueline now needed more personal care, probably necessitating employment at some future time of someone to aid in her care, and the suspicion of the former wife that the father, when he retired, might leave the country and not continue to provide child support.
Fear or suspicion is not the foundation required to support a petition for modification. The evidence must establish some fact showing a change of circumstance to warrant an increase or decrease in an award for support. Such could be an increased income to the father, or additional needs of the children. Simmons v. Simmons, 192 So.2d 325 (Fla.App.1966); Jelke v. Jelke, 233 So.2d 408 (Fla.App.1970).
. The burden of proof was with the petitioner. The testimony reveals no in *378 creased expenditures, or increased need, for the care of either child since the entry of the final judgment, or increased income to the father. Should such need occur, the court is always open to require the father to further respond as such need and his ability to meet such need blend together equity.
It is our view that the trial court erred in requiring that the subject parcel of land, the suggested value of which was $10,000, be conveyed in trust for Jacqueline.
Equity regards as done that which ought to be done. The parties should have, in due season, performed their agreement. That must now be done.
The judgment appealed from is reversed with direction that the trial court enter its order requiring each party to honor their property division agreement.
Reversed, with direction.
REED, C. J., and WALDEN, J., concur.