285 So.2d 59 (1973)
Alicia M. DARCY, Appellant,
v.
Dr. Eduardo E. DARCY, Appellee.
No. 73-428.
District Court of Appeal of Florida, Fourth District.
November 9, 1973.
Rehearing Denied December 5, 1973.
Marvin H. Gillman, Gillman & Horn, Miami, for appellant.
Fred J. Ward, Crouch, Ward & Africano, Hallandale, for appellee.
OWEN, Chief Judge.
Appellant-wife, by post judgment petition for modification of the final judgment of divorce, sought an increase in child support together with attorney's fees. By order entered March 6, 1973, the court increased both alimony and child support, (but deferred the effective date of such increase until January 1, 1974) and denied the wife's prayer for attorney's fees and costs.
The wife complains that (1) the $150.00 per month increase which the husband was ordered to pay should have been allocated entirely to child support rather than allocating $50.00 to child support and $100.00 to alimony, (2) the increased payments should have become effective not later than the date of the order rather than being delayed for nearly ten months, and (3) she should have been awarded reasonable attorney's fees and costs.
*60 All of these are matters which fall within the sound judicial discretion of the court. We conclude from our examination of the record and the briefs that the court did not abuse its discretion except as to its denial of attorney's fees and costs to appellant-wife.
Although a wife would not be entitled to an award from the husband for her attorney's fee and costs absent proof of her need and the husband's ability, it is clear from the record that these elements were established and were not the basis of denial of the wife's prayer for attorney's fee and costs. Rather, such relief was denied on the grounds that the wife had not shown the husband to be in default of any provision of the final judgment.
For a number of years Section F.S. 61.15, F.S.A. 1969 (and its predecessors) was uniformly construed by the courts as authorizing suit money (including a reasonable attorney's fee) to the wife in a post judgment proceeding when she was seeking to enforce or defend a judgment or order for payment of alimony or child support, but not when she was seeking modification. See Lang v. Lang, Fla.App. 1971, 252 So.2d 809, and cases therein cited. However, Chapter 71-241, Laws of Florida 1971, effective July 1, 1971, repealed Section F.S. 61.15, F.S.A. 1969 and amended Section F.S. 61.16, F.S.A. to read as follows:
"61.16 Attorney's fees, suit money, and costs.  The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney's fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter, including enforcement and modification proceedings. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name."
It is clear from a reading of Section F.S. 61.16, F.S.A., as amended by Chapter 71-241, Laws of 1971, that attorney's fees, suit money and costs may be awarded to a party who initiates modification proceedings. While the amendment to the statute does not eliminate the court's discretion in the matter, entitlement is no longer restricted to one who is enforcing or defending a judgment or order for the payment of alimony or child support.
The order appealed is affirmed in all respects except as to the provision requiring that each party bear his own costs and attorney's fees, as to which portion the order is reversed and upon remand the trial court is directed to award appellant-wife a reasonable attorney's fee, together with her taxable costs, to be paid by appellee-husband.
Affirmed in part, reversed in part and remanded.
CROSS and DOWNEY, JJ., concur.