347 So.2d 645 (1977)
Robert C. SCHWEBKE, Appellant,
v.
Aveline C. SCHWEBKE, Appellee.
Nos. 76-709, 76-710 and 76-937.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Rehearing Denied July 13, 1977.
*646 Rosenberg, Rosenberg, Reisman & Glass, Miami, for appellant.
Miller & Podell, Miami Beach, for appellee.
Before BARKDULL, HAVERFIELD and HUBBART, JJ.
PER CURIAM.
In these consolidated appeals defendant, Robert Schwebke, former husband of the plaintiff, Aveline Schwebke, seeks review of an order denying his exceptions to the general master's report and two orders ratifying the general master's reports awarding Aveline $138.50 weekly alimony and $4,000 as reasonable attorneys' fees in this contempt action.
In March 1962 a final divorce decree was entered between Aveline and Robert Schwebke incorporating a separation and property settlement agreement between the parties pursuant to which Robert deeded his interest in the marital residence to Aveline who then assumed responsibility for the mortgage payments. Robert further agreed to pay Aveline $175 per week alimony and at such time as the mortgage on the marital residence has been paid in full, the weekly alimony would be reduced to $100. Robert paid Aveline the $175 weekly alimony through July 1975; however, at the end of July he voluntarily paid off the mortgage, obtained a satisfaction and commencing August 1 tendered $100 per week alimony to Aveline who refused to accept. Aveline then filed the instant motion for order adjudging Robert in contempt of court and to enforce the settlement agreement on the ground that since the mortgage would have been fully liquidated on April 1, 1982 as a result of the $146 monthly payments, Robert's obligation to pay $175 per week alimony was definite in duration and for a determinable amount. Aveline also requested a judgment for the arrearages and attorneys' fees. The trial judge referred the contempt issue to a general master who, after hearing argument of counsel, filed his report recommending that Robert be required to pay the $175 weekly alimony until the maturity date of the mortgage (March 1, 1982). He further recommended that Robert be credited with the amount of his prepayment of the mortgage (i.e. a credit of $36.50 a week). The trial judge approved the master's recommendation and ordered Robert to pay Aveline $138.50 per week alimony. Robert filed exceptions to the report which after a hearing were denied by order of March 19, 1976. The issues of attorneys' fees and court costs were also referred to the general master who recommended that Aveline be awarded court costs and $4,000 as reasonable attorneys' fees. By order of April 3, 1976 the trial judge ratified and approved this recommendation. We reverse.
First, a separation and/or property settlement agreement like any other agreement must be given a realistic interpretation based on its plain everyday meaning as conveyed by its terms unless its context unmistakably shows that the parties intended that it be given some peculiar *647 interpretation not readily apparent on its face. Bergman v. Bergman, 145 Fla. 10, 199 So. 920 (1940). The agreement in this case clearly provides that upon the subject mortgage being paid in full, the weekly payments shall be reduced to $100. Robert paid the mortgage in full on July 28, 1975 and obtained a satisfaction from the mortgagee. Therefore, the weekly payments automatically were reduced to $100 per week. Cf. Gibson v. Gibson, 249 So.2d 446 (Fla. 1st DCA 1971).
Second, the issue involved was that of contempt which was referred by the trial judge to the general master. The general master correctly did not find Robert to be in contempt but did, in effect, modify the settlement agreement in his report by recommending that Robert pay $138.50 weekly alimony to Aveline. This recommendation and the trial judge's order ratifying it were erroneous as Aveline did not request modification and the order of referral did not include the issue of modification. See Smithwick v. Smithwick, 343 So.2d 945 (3d DCA 1977). Accordingly, the order approving the master's report and requiring Robert to pay $138.50 weekly alimony is reversed.
We also must reverse the order approving the general master's report that Aveline be awarded court costs and $4,000 in reasonable attorneys' fees because the master made no findings as to Aveline's needs or Robert's financial ability. See Darcy v. Darcy, 285 So.2d 59 (Fla. 4th DCA 1973); Mertz v. Mertz, 287 So.2d 691 (Fla. 2d DCA 1973). We, therefore, remand the cause to the trial court with directions to hold a new hearing on the issue of attorneys' fees.
Affirmed in part, reversed in part and remanded with directions.