363 So.2d 183 (1978)
Arlene A. DIACO, Appellant,
v.
Joseph Francis DIACO, Appellee.
No. 77-329.
District Court of Appeal of Florida, Second District.
October 11, 1978.
*184 Wayne O. Smith of Leavengood, Wallace & Smith, St. Petersburg, for appellant.
Stephen W. Sessums of Albritton, Sessums & DiDio, Tampa, for appellee.
DANAHY, Judge.
The wife appeals a final order which simultaneously established a foreign divorce decree as a Florida judgment and denied her petition to modify the same for an increase of child support. She contends that the record demonstrates a substantial change of circumstances because of an increase in the husband's ability to pay coupled with an increase in the needs of the children. The husband stipulates that he has ample ability to pay an increased award of child support. But he argues that the wife failed to prove any increase in the children's needs, and that she failed to carry the burden of clearly showing that the order denying modification represented an abuse of discretion on the part of the trial judge. On the record presented here, we agree with the husband.
The parties were married in 1963 and have three sons, ages 10, 8 and 6. In 1974, after the parties had been separated three years, a Georgia court entered its divorce decree incorporating the provisions of an agreement between them. Pursuant to the agreement and the decree, the wife received $325 per month alimony which had escalated according to the terms of the decree to $525 per month before the institution of this action. The decree further ordered the husband to pay $600 per month as child support for the three children; ordered him to maintain major medical and hospitalization insurance and to pay dental and orthodontic bills for the children; ordered him to maintain $80,000 in life insurance for the benefit of the children; and ordered him to provide for their college education.
Less than two years after the divorce, the wife brought this suit to establish the Georgia decree as a Florida judgment and to modify it to increase the amount of child support. She did not seek to increase the amount of alimony.
Early in the marriage the wife was a high school teacher but has not worked since her first pregnancy. Other than savings of some $1,500, she has neither appreciable assets nor debts. At the time of their divorce the husband, who had just begun the practice of medicine, earned approximately $15,000 annually. At the time of the hearing, the husband stipulated that his income for the past year was in excess of $80,000. Since the divorce, the husband has been current with all child support payments and other financial obligations ordered by the decree.
*185 The major medical, dental and orthodontic bills for the children being paid by the husband average $91.66 per month. He has increased the required $80,000 life insurance for the benefit of all the children to $100,000 insurance on his life per child, ensuring not only their upbringing but their higher education as well. The life insurance premiums cost him some $3,100 per year in excess of the premiums he paid on the coverage ordered by the divorce decree. He has the children with him one month during the summer without any reduction in the child support payments. The husband has voluntarily paid for all extra items the wife has requested for the children including such special and nonrecurring items as encyclopedias, private piano lessons, private tutoring lessons, extra Christmas money, Tampa Bay Buc jackets and other articles of clothing, the boys' hobbies, and return plane fare from New Jersey where they vacation with relatives. In the short time since the divorce, these voluntary payments have resulted in substantial extra expenditures by the husband which, during the most recent year, totaled $20,000.
At the final hearing, the testimony presented by the wife to establish the increased needs of the children centered on her financial affidavit containing a number of expenses which the husband's attorney, after cross-examination, characterized as "wildly extravagant," a view apparently shared by the trial judge. The wife admitted that some of her listed expenses were for her sole benefit and the evidence in several other respects failed to distinguish between the amounts necessary for the support of the children and herself. There was no evidence, other than the amount of the husband's income, of the standard of living of the family at the time of the divorce. The trial judge was hindered in the factfinding process because the wife paid most of her bills by cash and she produced no record of payments except for monthly utilities and the house payment. When viewed as a whole, the evidence heard by the trial judge does not specifically demonstrate what recurring needs of the children have increased and by what amounts they have increased since the recent divorce of the parties.
Matters regarding the support and welfare of minor children are subject to the continuing supervision of the court. Even where the parties have chosen to set forth their obligations in a written agreement, such an agreement is subject to modification upon a proper showing of substantial change in circumstances or financial ability of one or both of the parties or of the children occurring subsequent to the final judgment. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946); Section 61.14, Florida Statutes (1977). The burden of proving the requisite change in circumstances is on the party seeking modification. Lamar v. Lamar, 266 So.2d 376 (Fla. 4th DCA 1972).
Relief in the form of modification rests in the sound discretion of the trial judge, which will not be disturbed absent a clear showing of abuse of that discretion. Riesner v. Riesner, 151 Fla. 8, 9 So.2d 108 (1942). It is not the function of this court in reviewing the order before us to re-evaluate the testimony presented to the trial judge or to now substitute our judgment for his. The trial judge weighed all of the evidence after observing the witnesses before him. Our duty now is to carefully review the record to see whether his judgment is in fact supported by competent evidence. Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
The trial judge was correct in considering evidence not only of the increased ability of the husband to pay more support but also whether the needs of the children had increased in determining whether there was a change of circumstances sufficient to warrant an order increasing child support. There is no question that there is a substantial change for the better in the financial ability of the husband to pay more child support should he be ordered to do so. The wife does not argue that a substantial increase in the earnings of the husband alone warrants an increase in child support. Rather she argues that the husband's voluntary *186 extra contributions were in recognition of, and themselves establish, the children's increased need. For that proposition, she cites to us the cases of Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA 1970) and Siegel v. Zimmerman, 319 So.2d 187 (Fla. 3d DCA 1975).
Addressing this argument of the wife, we note that Jelke presents similarities to the case at bar. The wife brought a petition for modification to increase child support many years after the final judgment of divorce. Beyond the amount ordered for child support in the final judgment, the husband had voluntarily paid the wife for such recurring expenses as real estate taxes on the marital home in which the children were living, private school tuition for them, and a fixed additional amount for weekly child support. The husband's ability to pay child support had increased substantially. Importantly, there the court stated that: "The uncontested evidence shows ... that the needs of the children have increased."[1] Premised on this finding of fact, the court ruled that voluntary payments which continue over a sufficient period of time to meet specific needs do have some evidentiary value in tending to show a recognition by the parties to a previous agreement of substantially increased needs by the children, but the voluntary payments beyond the amount required in the final judgment are, themselves, not a sufficient basis for an order increasing the payments.
Unlike the court in Jelke, we do not find there is uncontested evidence showing the needs of the children have increased. Nor, in any event, do we find that the trial judge failed to give any evidentiary weight to the fact of voluntary expenditures made by the father in behalf of his children over the two-year period since the divorce.
In Siegel the record, unlike the record in the case at bar, clearly showed a change in circumstances both as to the increased financial ability of the father and the increased needs of the children. Because this was so, our sister court held that an agreed amount of support by the parties in anticipation of a future increase in the income of the husband could not bar the wife from seeking an increase in child support where their needs did, in fact, later increase. The court held that the denial of her request for an increase in child support constituted an abuse of the trial judge's discretion. No such abuse of discretion has been demonstrated here.
When he exercised the broad discretion he necessarily has in this kind of case, we must presume the trial judge had the best interests of the children uppermost in his mind. On this record, the wife has not made that proper showing sufficient for us to find that the trial judge went beyond the permissible limits of his discretion when he denied the petition.
This, of course, is without prejudice to the wife to seek modification in the future should she desire and be able to make a proper showing of the actual increased needs of the children coupled with the then continuing increased ability by the husband to pay more.
The wife raises another point on appeal which we think has merit. By the provisions of Section 61.16, Florida Statutes (1977), the trial judge was authorized to order the husband to pay a reasonable amount for attorneys' fees to the wife in bringing this modification proceeding. The wife says the trial judge abused his discretion when he refused to order any fee to be paid by the husband to her attorneys. We agree. Although we have found competent evidence to support the judgment of the trial judge with respect to an increase in child support, we do not believe he sufficiently considered the financial resources of both parties when he denied her request for attorneys' fees.
The wife herself was unable to pay her attorneys' fee. Instead, she paid her attorneys a part of their fee with money she obtained from her father for that purpose. She has neither separate income nor sufficient assets to otherwise pay an attorney to represent her and we see no reason why the willingness of her father to provide the necessary fee money to her should relieve *187 the husband from a duty to provide such reasonable sums as will enable her to obtain representation equal to his own in these proceedings.
Even though she was unsuccessful in obtaining the relief she sought, the services of the attorneys were reasonably necessary to assist her in bringing the interests of these children before the court, and her efforts in doing so were certainly reasonable.
On remand, the trial judge should order the husband to pay such reasonable amount of the wife's attorneys' fee as he may find necessary because of the disparate economic needs and abilities as exist between the parties. Darcy v. Darcy, 285 So.2d 59 (Fla. 4th DCA 1973).
Those portions of the final judgment which establish the Georgia decree as a Florida judgment and deny the wife's petition for modification are affirmed. That portion of the final judgment denying her request for fee money is reversed and the case is remanded for the purpose of determining an appropriate award.
Affirmed in part, reversed in part, and remanded.
BOARDMAN, Acting C.J., and OTT, J., concur.
NOTES
[1] 233 So.2d at 409.