LETTS, Judge.
Involved here is yet another instance where the trial judge has cancelled alimony without pleadings or notice. We reverse.
The wife was awarded alimony and the husband failed to pay it. Thereafter the wife filed a motion for a contempt citation which came on for hearing without any responsive pleadings by the husband. At the conclusion of said hearing, the trial court held the husband was indeed in arrears and had suffered no diminution in his income. Nonetheless, the court also found that the wife now held full time employment and cancelled the alimony prospectively.
It may be that the trier of the fact was correct in his conclusion and we do not quarrel with his decision not to hold the husband in contempt. However, it is improper to terminate alimony without the wife being put on notice of what is to transpire. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977) and Schwebke v. Schwebke, 347 So.2d 645 (Fla. 3d DCA 1977).
In the case at bar, so far as the wife understandably expected, the hearing would only involve the question of the husband’s arrearages on which question she proved successful. Yet her success was a pyrrhic victory indeed, for all else was lost. See Murphy v. Murphy, 351 So.2d 383 (Fla. 4th DCA 1977) and Jennings v. Jennings, 353 So.2d 921 (Fla. 4th DCA 1978).
REVERSED AND REMANDED.
CROSS and BERANEK, JJ., concur.