PER CURIAM.
We conclude that the trial court erred in granting the appellee-husband a $2,300 credit so as to reduce to $1,000, the amount he owed in accrued past-due child support payments, the right to which had become vested in the wife. Hynes v. Hynes, 277 So.2d 557 (Fla. 3d DCA 1973); Petrucci v. Petrucci, 252 So.2d 867 (Fla. 3d DCA 1971); see Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974), and cases cited; cf. Gottesman v. Gottesman, 220 So.2d 640 (Fla. 3d DCA 1969). Upon remand, paragraph 7 of the order under review shall be amended to adjudicate an arrearage of $3,300.
Because the wife presented no evidence either of the value of counsel’s sérvices or *1328 of her existing need, the denial of her claim for attorney’s fees below is affirmed. Schwebke v. Schwebke, 347 So.2d 645 (Fla. 3d DCA 1977); Johnson v. Johnson, 346 So.2d 591 (Fla. 1st DCA 1977).
Affirmed in part, reversed in part and remanded.