385 So.2d 1120 (1980)
Constance S. BULLARD, Appellant,
v.
Foster L. BULLARD, Appellee.
Nos. 79-1059, 79-1514.
District Court of Appeal of Florida, Second District.
June 25, 1980.
Rehearing Denied July 16, 1980.
Mark V. Silverio of Mershon, Sawyer, Johnston, Dunwody & Cole, Miami, for appellant.
*1121 Monroe Gelb of Gelb & Spatz, Miami, for appellee.
OTT, Judge.
The court below entered a final judgment dissolving the 25-year marriage of the parties, awarding the wife custody of a minor child, permanent periodic alimony, lump sum alimony, child support and attorney's fees. She appeals and we affirm in part and reverse in part.
Doctor Bullard has not yet achieved quite the financial success of his counterpart in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), but then neither has he been in practice quite as long as Dr. Canakaris. In other respects, however, the cases are quite similar  a lengthy marriage to a wife who worked, helped him through medical school, assisted in his early practice and then turned full time attention to home and family; a very successful medical practice, which has provided a luxurious scale of living and has permitted the accumulation of substantial assets, all or almost all of which are in his name alone; the dissolution of that marriage, forcing a court into the unhappy task of deciding what share, if any, of the property acquired during the marriage and titled in the husband may lawfully be awarded to the wife.
It would not add anything to this opinion to itemize the property in question or its value, or to detail the division thereof and alimony (periodic and lump sum) ordered by the court below. It is sufficient to say that the judgment, by which Dr. Bullard retains sole ownership of most of the marital property, was rendered before Canakaris, supra, was handed down. That case approved and adopted a new philosophic concept for this state  that a wife who labors at home while her husband pursues material gain is a contributing partner in property acquired during the marriage, and can be equitably compensated by awarding her certain assets as lump sum alimony when the partnership is dissolved.
Canakaris, properly notes that this is not a community property state, and that there is no mandate for making an equal division of marital acquisitions in all cases; the matter of the division is to be left to the discretion of the trial judge, whose sole duty is to do equity under the circumstances presented by each individual case. Unless he abuses that discretion, his decision is not to be overturned.
Mrs. Bullard protests that she has been "shortchanged", a colloquialism which has appeared in wives' appellate briefs with predictable frequency since it surfaced in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), and was quoted in Canakaris, supra. We are inclined to agree with her, but we are of the opinion that the discretion of the trial judge was influenced, indeed circumscribed, by the pre-Canakaris views of the Florida courts. In all fairness to the able judge below, he should have an opportunity to reconsider this case in the light of the principles enunciated in Canakaris. See, also, Duncan v. Duncan, 379 So.2d 949 (Fla. 1980) and Ingram v. Ingram, 379 So.2d 955 (Fla. 1980). Accordingly, we reverse that portion of the judgment dealing with alimony.
Mrs. Bullard also challenges the portion of the judgment which ordered Dr. Bullard to pay her only $100.00 per month as support for the one child of the parties who is still a minor. We think the "token" order was within the discretion of the court. There was ample evidence that the father has been and is currently paying all of his daughter's personal expenses (about $5,000 per year) and intends to continue to do so. He has committed ample funds for her education, and is maintaining the marital residence which is her home. We therefore do not believe that error has been shown. Naturally, this issue must be resolved on a case by case basis, and we merely point out that it is not always necessary to set a minimum standard of support. Such court-set minimums have a way of becoming maximums. It is sometimes better to encourage natural parental devotion and generosity, rather than to stifle it by rigid orders that tend all too often to become "obligations" in a sense that should be alien *1122 to the parent-child relationship. Besides, if Dr. Bullard ever should actually shirk his parental duties, the courts are always open.
Mrs. Bullard also complains of the sleight-of-hand mathematics of her husband's accountants, who presented a now-you-see-it, now-you-don't view of his net worth by setting up certain "liabilities", consisting of "reserves" of $240,000 for putting the four children through college and $200,000 to cover "recaptured taxes" should he prematurely dispose of his tax shelters. We doubt that the learned trial judge was taken in by such tactics and we are satisfied that the present judgment was in no way predicated on any contrived notion that Dr. Bullard is a candidate for the poorhouse.
We reverse the judgment insofar as it pertains to alimony, both permanent and lump sum, and remand the case for reconsideration in view of the philosophy articulated in Canakaris. In view of our disposition of the other matters, the award of fees to wife's attorneys is vacated for reconsideration along with the matter of alimony. In all other respects the judgment is affirmed.
BOARDMAN, Acting C.J., and RYDER, J., concur.