396 So.2d 818 (1981)
Teresa C. REID, Appellant,
v.
James D. REID, Appellee.
No. 79-2294.
District Court of Appeal of Florida, Fourth District.
April 8, 1981.
*819 James P. O'Flarity of Law Offices of James P. O'Flarity, Palm Beach, for appellant.
Robert V. Romani of Farish, Farish & Romani, West Palm Beach, for appellee.
HERSEY, Judge.
We have for review two orders of the trial court disposing of a petition for modification of alimony and child support.
The first order granted the former husband's motion to dismiss that aspect of the petition seeking an extension of rehabilitative alimony and denied with prejudice the former wife's motion to amend the petition. While both parties on appeal have argued to some extent the merits of wife's position with regard to a change in circumstances we note that disposition was in the form of dismissal so that the merits, never having been reached by the trial court, are not properly before us for consideration.
Our concern, then, is whether the dismissal without leave to amend is supported by the pleadings.
Before reaching that question we respond to appellee's preliminary contention that appeal of the order of dismissal, filed more than thirty days after rendition of the order, is untimely. The petition for modification seeks two forms of relief. Both are predicated upon the same facts and circumstances and are set out in a single count. No final judgment was entered on the order of dismissal. Under these circumstances the rule to be applied is that an order dismissing with prejudice, to be an appealable final order, must relate to a distinct and separate cause of action which is not interdependent with other counts. See Venezia A., Inc. v. Askew, 314 So.2d 254 (Fla. 1st DCA 1975). Such was not the case here and we therefore conclude that the order was interlocutory, subject to review on plenary appeal from final disposition of the cause.
Rule 1.190 of the Florida Rules of Civil Procedure requires that leave to amend be freely given when justice so requires. It is clearly an abuse of discretion to refuse leave to amend except under very limited circumstances. See, e.g., Town of Micanopy v. Connell, 304 So.2d 478 (Fla. 1st *820 DCA 1974). Appellant should have been permitted to amend her petition.
There has been a suggestion in the briefs that dismissal may have been based upon lack of jurisdiction. Several cases have established that the trial court has jurisdiction, with no necessity of a specific reservation of jurisdiction, to consider a petition to modify an award of rehabilitative alimony filed, as here, before the period for payment of rehabilitative alimony expires. Cantor v. Cantor, 306 So.2d 596 (Fla. 2d DCA 1975); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975); Hernandez v. Hernandez, 325 So.2d 483 (Fla. 3d DCA 1976).
While not directly in issue for our determination, we deem it expedient to treat a related argument espoused by appellee in order to forestall the possibility of a subsequent appeal based on that position. It is appellee's contention that the petition must contain an allegation of increased need in order to support an application for an extension of alimony. We reject that contention on the basis of both logic and precedent. It stands to reason that termination of rehabilitative alimony payments at the expiration of the period originally established for them to be made, in and of itself constitutes some "change in circumstances." Furthermore, the burden on the movant is to show that "notwithstanding reasonable and diligent efforts on petitioner's part, substantial rehabilitation has not indeed occurred," Lee v. Lee, supra 309 So.2d at 27, rather than a substantial change in circumstances.
The second order appealed from denies the former wife's application for increased child support. After certain preliminary findings the order concludes:
In view of the fact that the Husband has paid more than he was required leads the Court to believe that if he is left alone, he will do more than would be required by the Court.
The Court finds no basis in fact for the Wife's Petition for Modification.
This language, and the tenor of the entire order, suggests to this Court that a change of circumstances was found but that technically the children had no increased needs, because some of those needs were being met on a voluntary basis by appellee. That is to say, they were not "in need" thanks to the generosity of their father and, this Court might add, the industriousness of their mother. Conversely, voluntary payments, made by the father for the support of his children over a prolonged period of time, may be considered as some evidence of a substantial change in the needs of the children. Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA 1970). The record in this case mandates the conclusion that the needs of the children have substantially increased since the dissolution of marriage.
The other side of the coin is the financial condition of appellee  former husband  father, then and now. The evidence shows that appellee's annual net income has increased no less than $9,000.00 since the original judgment. In addition, one of the children has attained the age of majority, thus reducing the amount appellee is required to pay in child support. Additionally, the requirement to pay rehabilitative alimony to appellant had been effectively terminated by the trial court's order, dealt with earlier in this opinion, making that amount also available for consideration when determining whether or not child support payments should have been increased. The trial court certainly would have been justified in finding the requisites here for an increase in child support. Our task, however, is not to second guess the judge who saw the parties and heard the evidence and exercised his discretion. We are permitted only to measure that exercise of discretion by the evidence contained in the record to determine whether the result is sustainable under any theory of the law.
Applying that principle, we conclude that the order is reversible. Our conclusion does not result from finding a clear abuse of discretion, however. We find that the question of reasonableness here is so close that it may depend upon whether or not appellee is required to continue the alimony payments. Because the issues dealt with in *821 the two orders are interrelated, to the extent that they involve appellee's ability to pay, we also reverse the second order so that the trial court may reconsider the question of child support after having revisited the matter of rehabilitative alimony.
We assume that the trial court's refusal to award costs and attorney's fees to appellant resulted from the fact that she was not the prevailing party. The record supports the conclusion that the appellee is able and appellant is unable to afford the assistance of competent counsel. As we said in Darcy v. Darcy, 285 So.2d 59 (Fla. 4th DCA 1973), it is not necessary to prevail in order to be entitled to an award of attorney's fees in these cases. Such an award was required here. Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978).
In conclusion, we reverse the order dismissing with prejudice former wife's petition for modification and remand with instructions that she be allowed to amend the petition upon its reinstatement. We further reverse the order denying former wife's application for increased child support and remand for reconsideration. Lastly, we reverse the denial of former wife's request for costs and attorney's fees and remand for the trial court to award reasonable attorney's fees.
REVERSED AND REMANDED.
LETTS, C.J., and DOWNEY, J., concur.