456 So.2d 1282 (1984)
Bonnie L. YOUNG, Appellant,
v.
Harvey L. YOUNG, Appellee.
No. 83-3030.
District Court of Appeal of Florida, Third District.
October 2, 1984.
*1283 Krongold & Bass and Paul Bass, Coral Gables, for appellant.
Buchbinder & Elegant and Harris J. Buchbinder and Carolina A. Echarte, Miami, for appellee.
Before SCHWARTZ, C.J., HUBBART, J., and WINIFRED J. SHARP, Associate Judge.
SCHWARTZ, Chief Judge.
Ms. Young appeals from the denial[1] of her 1983 motion to increase the $300.00 per week in support for the parties' now eighteen and eleven-year-old daughters provided in a 1980 stipulation incorporated into the final judgment of dissolution.[2] We affirm.
*1284 Early in this proceeding, Young agreed  and thus successfully resisted discovery into his present financial situation, see Powell v. Powell, 386 So.2d 1214, 1215 n. 4 (Fla. 3d DCA 1980)  that he had the ability to pay any required upward modification in his child support obligations. See also, e.g., Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA 1980), pet. for rev. denied, 392 So.2d 1378 (Fla. 1980). However, notwithstanding dictum to the contrary in Schottenstein, in which the record showed and the husband conceded the existence of an increase in needs for which he was not providing, a greater ability to pay is not alone sufficient to require modification. As we would express the "true rule," there must also be an increase in the children's needs which may be met only by a change in the existing judicial award. Diaco v. Diaco, 363 So.2d 183, 185 (Fla. 2d DCA 1978); see Frantz v. Frantz, 453 So.2d 429 (Fla. 3d DCA 1984). It is the latter, emphasized element of the "needs" requirement which is lacking here.
This issue, that is, whether a modification of an award to the mother is required to satisfy the increased needs of the children, is squarely presented in the present case because the thrust of the wife's position[3] is that an objective increase in the children's needs has in fact taken place and, even more, has been acknowledged by Mr. Young himself in the most persuasive way possible  by paying them. In this regard, it is undisputed that, since the dissolution, Young has made extensive voluntary payments, in excess of the court award, to and for the benefit of the children. For example, as noted in the trial court's order, he has furnished his older daughter with an automobile, gasoline, automobile maintenance, automobile insurance, as well as $30.00 per week allowance and, on occasion, her lunches. In addition, he provides for his younger daughter by paying her tuition and transportation for private school, and pays for the medical expenses of both children.
On this ground, the appellant argues that reversal is required so that the judgment will reflect what is thus the admitted *1285 increase in both needs and ability. We do not agree. The decisions on the point establish that a trial court does not abuse its discretion in refusing to incorporate into a court order what the supporting party, typically but surely not always the father, is voluntarily providing for the children's benefit. Bullard v. Bullard, 385 So.2d 1120 (Fla. 2d DCA 1980); Diaco v. Diaco, supra; Tash v. Oesterle, 380 So.2d 1316 (Fla. 3d DCA 1980). The common basis of these decisions  which we follow here  is that a mandatory requirement of this kind is not necessary, and often not desirable, for the welfare of the children  whose own interests, rather than those of the custodian-mother, are the only ones at stake in such a proceeding. E.g. Lee v. Lee, 157 Fla. 439, 26 So.2d 177 (1946). Jelke v. Jelke, 233 So.2d 408 (Fla. 3d DCA 1970), cert. denied, 238 So.2d 107 (Fla. 1970), upon which the appellant heavily relies, is  not to coin a phrase  the exception that proves the rule. There, a modification to incorporate the extent of the previously voluntarily made payments was deemed necessary for the children's protection because the husband had ceased making them when the action was filed. See the discussion of Jelke in Tash, supra, 380 So.2d at 1318. Nothing of the kind occurred in this case. Compare also, Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981), pet. for rev. denied, 402 So.2d 612 (Fla. 1981) (citing Jelke, but reversing denial of modification for reconsideration only in light of ruling upon remand as to termination of alimony).
The mother's certainly correct assertion that the children are entitled to share in Mr. Young's increased standard of living and ability to pay, Wanstall v. Wanstall, 427 So.2d 353 (Fla. 5th DCA 1983); Brooks v. Brooks, 423 So.2d 995 (Fla. 3d DCA 1982), overlooks the fact that (unlike Schottenstein) they are in fact doing so through his unforced contributions. Similarly, we are not insensitive to her expressed concern that reliance on the voluntary act of the father may and in fact has led to an undermining of the children's relationship with Ms. Young, and may also affect their preference as to with whom they wish to live.[4] Conflicts of this kind, however, are unfortunately almost invariably inherent in the conscious or unconscious competition for the children which follows even the most amicable dissolution. And we fail to see that these conflicts may be avoided or that any interest of the children, whether to material advantage or emotional stability, is necessarily furthered by substituting their reliance upon the father's voluntary generosity for dependence instead upon a coerced obligation directed by the court through the collecting conduit of the mother. As was well expressed in Bullard:
It is sometimes better to encourage natural parental devotion and generosity, rather than to stifle it by rigid orders that tend all too often to become "obligations" in a sense that should be alien to the parent-child relationship. Besides, if [the husband] ever should actually shirk his parental duties, the courts are always open.
385 So.2d at 1121-1122.
In sum, in the absence of a "rule of law," Kuvin v. Kuvin, 442 So.2d 203, 204 (Fla. 1983), that modification must follow voluntary payments  a rule which does not now exist and which we decline to establish  the issue is one for the discretion of the judicial entity which knows the members of the family and their interrelationships best, the trial court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). No abuse of that discretion has been demonstrated.
Affirmed.
NOTES
[1] The order under review states as follows:

THIS CAUSE came on before this Court on the Respondent/Wife's Petition for Modification, and the Court having considered the pleadings, including the Husband's admission that he has the ability to pay any reasonable amount of child support awarded by this Court, and being otherwise fully advised in the premises, the Court finds as follows:
This Court acknowledges that there has been an increase in the cost-of-living since 1980; and that normally, as children become older, their expenses increase. In this case, however, many of the expenses which the Wife had incurred at the time of the dissolution of marriage have been reduced. The mortgage payments, utility bills and house maintenance are less than they were in 1980. At the present time, the Husband supports the parties' two other children (over the age of 18 years), and also voluntarily provides on behalf of the children residing with the Wife the following: he furnishes the older daughter with an automobile, gasoline, automobile maintenance and automobile insurance. He gives her a $30.00 per week allowance and, in most instances, provides her with lunches since she is employed at the Husband's business. As to the younger daughter, he pays for her tuition in private school, pays for her transportation to and from private school (although the Wife is available but refuses to take the child to and from school). In addition, the Husband pays for the medical expenses of both children.
This Court therefore finds that the Wife in fact does not expend the entire $300.00 per week which she is presently receiving as child support in behalf of the children. The Court believes that any increase in child support payments which this Court may award would not be required for the support of the children residing with the Wife; but in reality, would constitute support for the Wife which she had previously agreed to waive when she received a substantial lump-sum settlement and subsequently remarried.
In light of the foregoing, and in light of the opinion in Bullard v. Bullard, 385 So.2d 1120 (Fla. 2d DCA 1980), this Court denies the Wife's Petition for Modification.
[2] The child custody and support terms of the stipulation provided:

4. The four (4) children born of this marriage are: MICHAEL S. YOUNG, born December 31, 1962; ANDREW D. YOUNG, born February 3, 1965; ELIZABETH A. YOUNG, born January 3, 1966; and JENNIFER S. YOUNG, born June 26, 1973. At the present time MICHAEL and ANDREW, by their own choice, are living with their father. ELIZABETH and JENNIFER, by their own choice, are living with their mother. Joint, legal custody of all four (4) children is granted to both parents with the express understanding that when any children are living with a particular parent that that parent will have the right and privilege of making the final decisions concerning their best welfare provided always that with regard to any major decisions each parent shall keep the other informed and seek the others advice. Nothing contained in this Stipulation shall prevent any of the children from seeking to live with either parent nor will anything in this Stipulation operate to prevent either parent from seeking the authority and power of the Court in order to cause the children to reside with one or the other of the parents. However, neither parent will seek to induce or influence any child to quit living where they are and both parents agree not to do or say anything detrimental to the children about the other parent.
* * * * * *
8. Beginning July 1, 1980 and until JENNIFER reaches age twenty-one (21), HARVEY will pay to BONNIE, THREE HUNDRED ($300.00) DOLLARS per week as child support. July 1, 1980 is a Tuesday and said sum will be paid to BONNIE on each succeeding Tuesday thereafter until, as aforesaid, the twenty-first birthday of JENNIFER. As aforedescribed, ELIZABETH and JENNIFER are now living with their mother and said THREE HUNDRED ($300.00) DOLLARS per week is earmarked for the support of both children. However, HARVEY understands and agrees that when ELIZABETH reaches age twenty-one (21) or is otherwise emancipated, he may not seek modification or reduction of the aforedescribed sum. HARVEY recognizes that under the present Constitution of the State of Florida children are emancipated at age eighteen (18) but nevertheless he agrees to pay this child support until age twenty-one (21). It is further Stipulated and agreed that so long as HARVEY continues to support ELIZABETH and JENNIFER as aforedescribed that he may claim said two (2) children as deductions on his income tax return. It is further stipulated and agreed that in the event either MICHAEL or ANDREW or both of them decide or elect to live with BONNIE that for each such child making such an election the husband will pay to the wife, as and for additional child support, FIFTY ($50.00) DOLLARS per child per week, plus providing clothing, so long as said child continues to reside with BONNIE but in no event beyond the time the particular child reaches age twenty-one (21). In addition to the foregoing, HARVEY will pay all reasonable medical, dental and drug expenses for the children until age twenty-one (21) and speech therapy expenses for JENNIFER, if necessary. In the event the children decide to go to summer camp, BONNIE and HARVEY will divide equally the cost for such summer camp. HARVEY agrees to pay to Temple Beth Am the $1,000 due for JENNIFER.
[3] The trial court found, and the record supports the conclusion, that, at the least, there has been no increase in the out-of-pocket expenditures for the children which must be borne by the appellant. The admitted increase in the cost of living between 1980 and 1983, which Ms. Young stressed below, was therefore not shown to have had any real effect upon her and thus does not itself require modification. Greene v. Greene, 372 So.2d 189 (Fla. 3d DCA 1979); compare, Powell v. Powell, supra.
[4] We note, however, both that the parties' agreement, see n. 2, supra, gives wide range, even beyond that ordinarily accorded to the wishes of older children, see Gall v. Gall, 336 So.2d 10 (Fla. 2d DCA 1976), to the volitional preferences of the parties' daughters, and that the wife claims no breach of their wise agreement not to detract in any way from the other parent.