SANDERLIN, Judge.
In this appeal the wife challenges an order of the trial court which granted the husband’s motion for modification of final judgment of dissolution of marriage, and which required the wife to pay $60.20 per month per child in child support. We reverse.
In its order, the trial court found that the wife’s income had increased from zero, at the time the final judgment of dissolution was entered, to $836.67, at the time modification was sought, and that this was a significant change requiring her to contribute to child support in the form of monthly payments of $60.20 for each child. While the wife’s income may have increased since the time dissolution was granted, the trial court made no finding that this increase in income also evidenced an increased ability to pay child support. The record before us clearly reflects that while the wife’s income may have increased, so too have her expenses to the extent that her monthly expenses exceed her income by more than $400. Because there is no competent substantial evidence of the wife’s increased ability to pay child support, the trial court’s order is reversed. See Diaco v. Diaco, 363 So.2d 183 (Fla. 2d DCA 1978). The husband, of course, can file a new motion for any necessary assistance in meeting the needs of the children, if and when the wife’s financial situation improves. See Scheuter v. Scheuter, 408 So.2d 612 (Fla. 2d DCA 1982).
SCHEB, A.C.J., and HALL, J., concur.