HERSEY, Chief Judge.
This consolidated appeal involves a Summary Final Judgment denying a petition for an increase in child support and a Final Judgment adverse to appellant, former wife, on a petition for upward modification of permanent periodic alimony or, alternatively, for an extension of the entitlement period for rehabilitative alimony. We affirm on all issues except denial of the petition for increased child support. As to that issue we reverse and remand for trial on the merits.
*919 It was established that appellee voluntarily paid amounts of money to or for his two children, which, when added to the amounts paid pursuant to court order, exceeded the amount shown to be reasonably necessary for the support of the children. Relying on Young v. Young, 456 So.2d 1282 (Fla. 3d DCA 1984), the trial court granted summary judgment on this issue. In Young the basis for the court’s refusal to memorialize by order what was happening in fact was the absence of need, inasmuch as the “need” which had been established by evidence existed only on paper since the father’s voluntary contributions were being used to pay for the very needs so established. Not so the voluntary contributions made by appellee in this case. It is clear from the evidence that appellee’s generosity to his children, commendable as it certainly was, took the form for the most part of directly financing travel, certain school expenses, and entertainment. Thus, the funds were not readily available to defray the expenses of necessities such as food and lodging.
The foregoing analysis is not intended, however, to foreclose the possibility of eventual denial of an increase in child support after an evidentiary hearing. We hold simply that whether the evidenced need was adequately met by the voluntary contributions was a genuine issue of material fact which renders summary disposition inappropriate. See Osborne v. Elizabeth Massey Investment Corp., 467 So.2d 838 (Fla. 4th DCA 1985).
We also note that appellant’s affidavit of April 18,1984, fails to take into account the cost of shelter, electricity, water or telephone attributable to the children, consideration of which would be helpful to the trial court in making its final determination. See Messal v. Messal, 424 So.2d 932 (Fla. 1st DCA 1983).
Since the children are no longer minors, any award will be limited to the period between filing of the initial petition and attainment of the age of eighteen by each of the children. For the reasons previously expressed, we reverse and remand for an evidentiary hearing only as to the issue of an increase in child support. In all other respects we affirm.
AFFIRMED IN PART; REVERSED IN PART and REMANDED.
LETTS and GUNTHER, JJ., concur.