306 So.2d 596 (1975)
Regina CANTOR, Appellant,
v.
Herbert M. CANTOR, Appellee.
No. 74-533.
District Court of Appeal of Florida, Second District.
January 24, 1975.
*597 Waldense D. Malouf, Clearwater, for appellant.
Richard M. Robbins, Clearwater, for appellee.
J.E. Satterfield of The Legal Aid Society, Clearwater, as amicus curiae.
HOBSON, Judge.
Appellant filed a Petition for Modification of Final Judgment entered in a dissolution of marriage suit, which petition was denied by the lower court on the ground that it did not have jurisdiction to grant relief sought by the petition.
The order denying appellant's Petition for Modification of Final Judgment is the subject of this interlocutory appeal.
The sole question involved is whether or not the trial court had jurisdiction to entertain appellant's petition.
The final judgment provided:
... The husband shall pay to the wife as temporary rehabilitative alimony the sum of $300.00 per month for six (6) months commencing with the 15th day of August, 1973, and continuing for the said period of six (6) months. The said $300.00 monthly payment shall be payable as follows: $150.00 shall be payable on the first of each of the six months and $150.00 shall be payable on the fifteenth day of each of the six months; provided, however, said payments, as stated, shall commence on the 15th day of August, 1973.
The final judgment is unique in that it provides for "temporary rehabilitative alimony." We can see no legal distinction between rehabilitative alimony and "temporary" rehabilitative alimony awarded in a final judgment.
The trial court was of the opinion that because the word "temporary" preceded the words "rehabilitative alimony" that it was without jurisdiction to entertain the Petition for Modification. With this we disagree.
Florida Statutes, § 61.14, provides as follows:

Modification of alimony judgments; agreements, etc. 
(1) * * * [W]hen a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed * * *, the court has jurisdiction to make orders as equity requires, * * *. [emphasis ours]
The Petition for Modification was filed prior to the expiration of the six months period of rehabilitative alimony provided for in the final judgment. The final judgment also provided that the court retain jurisdiction to enter such further orders necessary to enforce the provisions of this judgment. The appellee contends that the court having retained jurisdiction only to enforce the provisions of the judgment, does not have jurisdiction to modify such judgment as to rehabilitative alimony.
As we view Florida Stat. 61.14, the statute itself confers upon the court jurisdiction to modify the provisions of the final judgment as to rehabilitative or permanent alimony under the appropriate circumstances. Kosch v. Kosch, Fla. 1959, 113 So.2d 547.
For the foregoing reasons, the order appealed is reversed and the cause remanded for further proceedings.
Reversed and remanded.
McNULTY, C.J., and DAKAN, STEPHEN L., Associate Judge, concur.