309 So.2d 26 (1975)
Ranelle M. LEE, Appellant,
v.
Robert C. LEE, Appellee.
No. 74-599.
District Court of Appeal of Florida, Second District.
March 5, 1975.
*27 Sanford M. Swerdlin, Clewiston, for appellant.
Jack J. Rafter, Jr., Clewiston, for appellee.
McNULTY, Chief Judge.
In March, 1972, the trial court dissolved the marriage of the parties hereto and awarded the wife rehabilitative alimony in the sum of $400 per month for a period of two years. No other alimony award was made. Prior to the expiration of the two-year rehabilitative period, appellant petitioned the trial court for a modification of the final decree seeking permanent alimony because she claimed that through no fault of her own she had not been sufficiently "rehabilitated." Since the trial court had not reserved jurisdiction in the 1972 order and since the trial judge failed to find a substantial change of circumstances from the time of the entry of that decree, he denied the petition. This appeal ensued.
Appellant argues, and we agree, that because of the in futuro nature of rehabilitation, a party awarded alimony pending such rehabilitation should have an opportunity to petition the court to show that notwithstanding reasonable and diligent efforts on petitioner's part, substantial rehabilitation has not indeed occurred. *28 The paramount purpose of rehabilitative alimony is, of course, to prepare or restore the abilities of the awarded party so that he or she will regain a useful and constructive role in society and hopefully, together with a possible permanent alimony award or other source of income, be in a position reasonably to continue to maintain the lifestyle to which the parties had become accustomed during marriage, considering the length of the marriage and other appropriate criteria.[1] In deciding the question of rehabilitative alimony a court is obviously limited by the facts and circumstances patent at the time of the award. By the very nature of such an award the court must project the probabilities in arriving at a reasonable likelihood of attainment. The entire concept is another viable working tool for the courts in those cases wherein the present dependent party in a dissolution proceeding apparently has the potential ultimately to "go it alone," thus avoiding dependence on society or the sometimes oppressive mandate of permanent alimony.[2] The courts are now fully free to exercise the broadest discretion at the outset by utilizing any combination of rehabilitative alimony, lump sum alimony, periodic permanent alimony or lump sum alimony payable in installments.[3]
When the vehicle of rehabilitative alimony is used, however, through unforeseen and faultless circumstances the anticipated and hoped for rehabilitation may not in fact occur to the extent that the awarded party is reasonably able to sustain herself or himself as intended by the court initially. In such case the awarded party should have the opportunity to petition the court for a re-evaluation of the alimony matter entirely and/or for an extension or modification of the rehabilitative alimony award.[4] Particularly is this so when, as here, no permanent alimony was additionally awarded in the beginning.
As to timeliness, we again note that here the court had not retained jurisdiction to revisit the alimony question. But we emphasize that the petition for modification was filed within the original rehabilitative period and while the awarded payments were being made. In our view, and notwithstanding that jurisdiction is not retained, so long as the provisions of a final decree relating to "any payments"[5] (italics ours) are executory in whole or in part the court has jurisdiction to entertain a petition for a modification within the scope thereof. It isn't to be anticipated, of course, that in a case such as that before us modification would be sought until the full rehabilitation time had substantially run or until other factors which would operate to establish non-attainability manifest themselves.
Since this case is one of first impression before us and since we have found no other case which has addressed the precise issue herein, the trial court obviously could not have anticipated our decision and was, to the extent that he ruled, correct in denying relief under the "change of circumstances" test. Apart from the alleged non-attainment of substantial rehabilitation, nothing had materially changed as between the parties. In view of our holding today, however, we deem it appropriate to reverse and remand the cause for further consideration consistent with this opinion on the collateral issue of substantial rehabilitation in fact, including, if deemed meet *29 and proper, a revisitation of the alimony question entirely.
HOBSON and SCHEB, JJ., concur.
NOTES
[1] See Lash v. Lash (Fla.App.2d), 307 So.2d 241 (Opinion filed February 5, 1975). See also Mertz v. Mertz (Fla.App.2d 1973), 287 So.2d 691.
[2] In truth, the concept does little more than articulate that which the courts have long been attempting to do otherwise through the device of lump sum alimony, payable in installments, by which device also the courts have often settled property rights.
[3] Section 61.08, F.S. 1973.
[4] Cf. Lash v. Lash, n. 1 supra.
[5] Section 61.14, F.S. 1973. Also cf. Cantor v. Cantor (Fla.App.2d), 306 So.2d 596 (Opinion filed January 24, 1975).