PER CURIAM.
The question presented by this appeal is whether the circuit court has jurisdiction to modify as to amount of alimony an agreement which was entered into by the parties during the pendency of the cause and was subsequently adopted and incorporated into the final judgment.[1]
After the dissolution was entered, and prior to the expiration of the time for the payment of periodic alimony,[2] the wife brought a Petition for Redetermination of Alimony. In addition to the alimony provision, the agreement provided for the payment of child support, some expenses and an agreement by the wife to vacate the “husband’s home.”
We hold that Fla.Stat. § 61.14 authorizes the consideration of the wife’s petition. By this holding, we do not express any opinion as to the merits thereof. See Lee v. Lee, Fla.App.1975, 309 So.2d 26; and Cantor v. Cantor, Fla.App. 1975, 306 So.2d 596.
Affirmed.

. The final judgment of dissolution provides as follows:
* * * * *
“2. The Parties heretofore having entered into a Property and Alimony Settlement Agreement and the Court having examined same, hereby adopts same and incorporates it into this Order of Final Judgment. The said Property and Alimony Settlement Agreement is attached to this Final Judgment as Exhibit T.’ ”
* * * * *

. The agreement provided as to alimony as follows:
?}! * * ■ * *
“2. The Husband shall pay to the Wife as alimony, the sum of Five Hundred and No/100 ($500.00) Dollars per month in advance on the first (1st) day of each month, beginning on October 1, 1971, and continuing for the next twenty-four (24) consecutive months. Following such period, the husband shall pay to the wife the sum of Four Hundred and No/100 ($400.00) Dollars per month, in advance, on the first Cist) day of each month, beginning on October 1, 1973, and continuing for the next consecutive twenty-four (24) months. In addition thereto, the Husband shall pay to the Wife the sum of Three Thousand Nine Hundred and No/100 (3,900.-00) Dollars, within three (3) days of the signing of this Agreement.”
* sjt sjt * *
“All payments as outlined in this paragraph shall cease upon either the death or remarriage, of the Wife. In the event of the Husband’s death, his Estate shall be liable for the alimony payments called for in this paragraph.”
* * * * * * *