BARKDULL, Chief Judge.
By this appeal, a former wife seeks review of an order denying her modification of a final judgment of dissolution of marriage and denying her recovery of accrued arrearages in periodic rehabilitative alimony-
When the parties to this cause were divorced in 1972, the final judgment of dissolution provided for alimony and support as follows:
* * * * * *
“11. Periodic alimony is allowed as follows: In an amount equivalent to one-half of the husband’s earnings divided: (1) one-quarter to the wife for a period of three years, and after three years this alimony shall cease; (2) three-quarters of the husband’s one-half salary shall be awarded for child support. When the older child attains majority or is otherwise emancipated the child support shall be reduced by one-half, likewise with the child support for the younger child.”
* * * * * *
Just prior to the expiration of the three-year period provided for in the final judgment, the wife petitioned the trial court to modify same by awarding her permanent periodic alimony. She also sought to recover arrearages due her for periodic alimony, because the appellee had failed to account to her for one-quarter of one-half of his earnings during the three-year period in accordance with the final judgment. The grounds for modification for permanent periodic alimony were that the appellant was unable to validly pursue a course of gainful employment. After hearing, the trial judge denied all relief sought by the appellant.
Upon review of the record, we sustain the trial judge’s denial of modification of the final judgment which would entitle the appellant to periodic alimony. See: Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975); Shaw v. Shaw, 334 So.2d 13 (Fla.1976). However, we reverse that portion of his order which denied her recovery for the alleged arrearage. The appellee took the position that he was only required to account to the wife for one-quarter of one-half of his base salary earnings. This is contrary to the terms of the final judgment of dissolution of marriage. It is noted that no appeal was taken from the final judgment; by its terms, it is clear the wife was entitled to one-quarter of one-half of his “earnings”. This was indicated in the record to be his take-home money after all deductions. The husband admitted that he earned additional sums over and above his base salary, but contended these were not covered by the final judgment. With this, we disagree. It was income that he received and that portion of it which represented additional net income to him was subject to the terms of the original final judgment.
Therefore, this cause is remanded to the trial court for further proceedings to determine the actual amount of income received by the appellee during the three-year period covered, and to award the appellant any arrearage that might appear.
Reversed and remanded, with directions.