402 So.2d 452 (1981)
Thomas L. MYRICK, Appellant,
v.
Barbara Jo MYRICK, Appellee.
No. 80-1447.
District Court of Appeal of Florida, Fifth District.
July 15, 1981.
Rehearing Denied August 25, 1981.
*453 Barry L. Zisser of Zisser, Robison & Spohrer, P.A., Jacksonville, for appellant.
Eugene E. Rhodes, Jr., South Daytona, for appellee.
ORFINGER, Judge.
The only issue before us on this appeal is whether the trial court has jurisdiction to modify an award of rehabilitative alimony when the petition for modification is filed before the payment period has ended, but the order modifying the award is not entered until after the period has expired.
The nature of "rehabilitation" is such that no court can ever be assured that it will, in fact, occur. If the awarded spouse has not reached the point, at the end of the prescribed period, where he or she can regain a useful and constructive role in society and maintain an appropriate lifestyle, the court making the award should be able to consider a petition by that spouse for an extension of the rehabilitative award or for conversion to permanent alimony, considering the appropriate criteria which would apply to all such controversies. Lee v. Lee, 309 So.2d 26 (Fla.2d DCA 1975).
In Lee, the court reasoned that modification of this type award would not be requested until the full rehabilitation time had substantially run or until other factors showing the non-attainability of that goal would manifest themselves. It held, therefore, that so long as any payments of alimony were executory, the court had jurisdiction to entertain a petition for modification, notwithstanding that jurisdiction was not specifically retained by the judgment making the award. We agree.
The realities of calendaring in the trial courts makes it necessary to schedule hearings many weeks (and sometimes months) in advance. If we adopt appellant's position, not only would a party be required to anticipate, long in advance of the running of the alimony period, the need for extension or modification, but that party would also be required to prepare and file a petition, arrange for a hearing and then somehow prevail on the trial judge to decide the issue before the rehabilitation period expired. The practical difficulties of this position are readily apparent.
We believe the better rule is that suggested by Lee, that so long as the petition for modification is filed before the time for making payments has expired, the trial court continues to have subject matter jurisdiction to hear and decide the issues raised by the petition even after the rehabilitation period has run. The trial court had jurisdiction to enter the award here, so the order of modification is
AFFIRMED.
DAUKSCH, C.J., and COWART, J., concur.