407 So.2d 308 (1981)
Jerry Wayne VEACH, Appellant/Cross-Appellee,
v.
Lena Ann VEACH, Appellee/Cross-Appellant.
No. 80-1746.
District Court of Appeal of Florida, Fourth District.
December 14, 1981.
*309 Michael K. Davis of Rosenberg & Davis, Davie, for appellant/cross-appellee.
Thomas E. Brandt of the Law Office of Thomas E. Brandt, Fort Lauderdale, for appellee/cross-appellant.
LETTS, Chief Judge.
The final judgment of dissolution originally required the husband to pay only rehabilitative alimony and he now appeals a modification order which amended the alimony provision to compel the payment of "$100 per month until such time as the wife dies, remarries, is capable of being self-supporting, or further order of this court." We affirm.
The husband's basic position is that the original final judgment which only awarded rehabilitative alimony for a set period, contained no provision for the court's continuing jurisdiction. Consequently, he argues that under Section 61.14(1) of the Florida Statutes (1979) the Court only retains jurisdiction if "... the circumstances or the financial ability of either party has changed ... since ... the rendition of the order."
Relying solely on the required presence of this change of circumstance, the husband points out that the petition for modification contains no allegation of change in circumstance[1] and instead dwells solely on why the wife has been "utterly incapable" of rehabilitating herself. Accordingly, he argues that the court had no jurisdiction to amend and extend the alimony payments. We disagree.
The original award was obviously based on the hoped for premise that the wife could and would recover from her psychiatric problems at the end of the rehabilitative period. This is not only inherent in the very definition of the word "rehabilitation," but also in this case because the court concomitantly required the husband to pay much of her medical and psychiatric fees during the same period. It is equally obvious from our study of the testimony at the modification hearing that the wife suffers from continuing severe emotional and psychological problems which have made her incapable of finding sustained employment. This is conceded by the husband who admits that "that much is evident in the rambling disoriented nature of her testimony." However, the husband argues that this does not constitute a change in circumstances at all and points out that it is merely a continuation of the same mental illness[2] which she suffered from at the time of final dissolution when only rehabilitative alimony was awarded.
There is merit to this argument, but it ignores the purpose of rehabilitative alimony. As the Second District put it in Lee v. Lee, 309 So.2d 26, 28 (Fla. 2d DCA 1975):
"The entire concept is another viable working tool for the courts in those cases wherein the present dependent party in a dissolution proceeding apparently has the potential ultimately to `go it alone.'"
We agree that the purpose of rehabilitative alimony is to sustain the dependent spouse until he or she can "go it alone." As a consequence, if it transpires that the dependent cannot go it alone, it would defeat the entire equitable concept of what alimony is all about to be unable to extend *310 it. At the very time of dissolution, in contrast to what is foreseen when permanent support is awarded, it was envisaged that the wife would gradually undergo a change of circumstances and become self-supporting. The hoped for change has not taken place and its failure to materialize is most certainly a change in expectation or, as we perceive it, a change of circumstance in reverse.
We, therefore, align ourselves with the Second District decision in Lee v. Lee, supra, and with the Fifth District holding in Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981), and hold that "so long as the petition for modification is filed before the time for making payments has expired, the trial court continues to have subject matter jurisdiction to hear and decide the issues raised by the petition even after the rehabilitation period has run." Id. at 453.
As to the cross-appeal, we agree that the permanent award is very low but are compelled to affirm it under the rationale expressed in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
AFFIRMED.
MOORE, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.
NOTES
[1] In fact we feel the modification petition does allege a change in circumstances because it not only alleges that the husband's income has increased, but it also alleges that her needs have increased. We do not perceive that the absence of the magic words "change in circumstances" should prove fatal. However, while this alone would appear to us to be sufficient, it is not the particular reason for our main discourse.
[2] The order of the special master after the modification hearing so found.