414 So.2d 228 (1982)
Sara D. PUJALS, Appellant,
v.
Santiago PUJALS, Appellee.
No. 81-1360.
District Court of Appeal of Florida, Third District.
May 4, 1982.
Rehearing Denied June 18, 1982.
*229 Joel V. Lumer, Miami, for appellant.
Richard Touby, Miami, for appellee.
Before SCHWARTZ, DANIEL S. PEARSON and FERGUSON, JJ.
SCHWARTZ, Judge.
The former spouses involved in this case are both medical doctors whose marriage was dissolved on November 21, 1975. The final judgment  in copying, although not formally adopting or even referring to a simultaneous agreement to that effect[1]  provided for rehabilitative alimony payments of $550.00 per month through December, 1980, to be made on the first of each month. There was no specific provision for retention of jurisdiction over the cause or the parties.
On December 1, 1980, Santiago Pujals duly made the last payment required by the judgment. However, on December 31, 1980, the last day of the rehabilitative term, the ex-wife filed a petition for modification which claimed that the alimony should be extended or made permanent. The basis of the petition was an allegedly uncontemplated change of circumstances, a serious and debilitating illness which had afflicted Ms. Pujals after the dissolution. The trial judge dismissed the petition on the apparent ground of lack of jurisdiction[2] and Sara Pujals has appealed.
We reverse the order below on the sole ground[3] that, by virtue of its inherent as well as statutory authority and even without an express reservation, the trial court retains jurisdiction to consider a petition for modification or extension of rehabilitative alimony as long as it is filed within the period of rehabilitation provided by the final judgment. Section 61.14, Fla. Stat. (1979);[4]Myrick v. Myrick, 402 So.2d 452 *230 (Fla. 5th DCA 1981); Patrick v. Patrick, 399 So.2d 72 (Fla. 5th DCA 1981); Reid v. Reid, 396 So.2d 818 (Fla. 4th DCA 1981), review denied, 402 So.2d 612 (Fla. 1981); Schottenstein v. Schottenstein, 384 So.2d 933 (Fla. 3d DCA 1980), review denied, 392 So.2d 1378 (Fla. 1980); Sima v. Sima, 337 So.2d 863 (Fla. 2d DCA 1976); Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976); Hernandez v. Hernandez, 325 So.2d 483 (Fla. 3d DCA 1976); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975); Cantor v. Cantor, 306 So.2d 596 (Fla. 2d DCA 1975). Because the issue is a jurisdictional one, it does not matter that the petition was filed on the very last day of the rehabilitative term, see Cann v. Cann, supra, at 334 So.2d 325, nor  as we hold, contrary to dicta in Lee to which significance has never been subsequently ascribed  that the husband then had no executory obligation to pay alimony. The power and authority of a court to act cannot depend upon the out-of-court actions or inactions of the litigants. For these reasons, we conclude that the trial court must consider the merits of the petition for modification of rehabilitative alimony.
The petition also sought modification of the provision in the judgment  which again mirrored the agreement  under which Ms. Pujals had the right to reside in the marital home with their son until January 1, 1981, after which it was to be vacated and then sold, with the proceeds divided. It is clear that no cognizable change of circumstances was alleged to justify modification of this portion of the judgment, which is no more than an aspect of child support. See McNaughton v. McNaughton, 332 So.2d 673, 675 (Fla. 3d DCA 1976), cert. denied, 345 So.2d 424 (Fla. 1977). Nonetheless, and although we frankly doubt her ability successfully to do so, we conclude that the wife should be given an opportunity to amend her petition to attempt sufficiently to state a claim for relief in this regard. See Pasekoff v. Kaufman, 392 So.2d 971, 976 (Fla. 3d DCA 1981).
Reversed.
NOTES
[1] Since the parties did not exchange property rights or obligations, the agreement was not a true "property settlement agreement," and its alimony provisions therefore remain legally subject to modification. Brisco v. Brisco, 355 So.2d 506 (Fla. 2d DCA 1978); compare Salomon v. Salomon, 196 So.2d 111 (Fla. 1967); Pruitt v. Pruitt, 370 So.2d 813 (Fla. 3d DCA 1979).
[2] No testimony was taken, and the petition was dismissed rather than denied.
[3] Because of this determination we do not resolve the conflict as to the meaning of the clause in the agreement and judgment that

[i]n the event of changed circumstances during the five year period, either party may petition the Court for modification and in the event the Wife is unable to obtain her medical license after diligent effort to do so, the Court shall reserve jurisdiction at the conclusion of the five year period to determine if Wife shall be entitled to any additional alimony and, if so, what amount.
Sara Pujals in fact obtained her medical license and the mooted issue is whether the modification permitted for "changed circumstances during the five year period" is limited to that period or may extend thereafter.
[4] 61.14 Modification of alimony judgments; agreements, etc. 

(1) When the parties have entered into, or hereafter enter into, an agreement for payments for, or instead of, support, maintenance, or alimony, whether in connection with a proceeding for dissolution or separate maintenance or with any voluntary property settlement, or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed or the child or children who are beneficiaries of an agreement or court order as described herein have reached the age of 18 years since the execution of such agreement or the rendition of the order, either party may apply to the Circuit Court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties or the child or children, decreasing, increasing, or confirming the amount of separate support, maintenance, or alimony provided for in the agreement or order.
The appellee points out that the statute refers to changes in the "amount" of alimony or support and argues that it does not therefore permit an extension of the period, or change in the character of an alimony award. As the cases cited demonstrate, however, the statute may be given no such restricted interpretation. An increase in the number and duration of payments is assuredly an increase in the "amount" which must be paid.