SCHEB, Judge.
The trial court entered a final judgment dissolving the parties’ marriage on August 13, 1983. Paragraph seven of the judgment provided:
7. The husband is to pay to the wife the sum of five hundred ($500.00) dollars per month for a period of twenty-four (24) months as rehabilitative alimony. The Court reserves jurisdiction to extend the rehabilitative period if at the end of the period the facts warrant extension. (Emphasis added.)
On September 23, 1985, appellant Nancy W. Monihon, the wife, filed a supplemental petition seeking continuation of the rehabilitative alimony payments. William H. Mon-ihon, the husband, moved to dismiss her petition contending the court lacked jurisdiction because the petition was filed forty-two days after the expiration of the two-year rehabilitative alimony period.
The trial court determined the wife’s petition was filed beyond the jurisdictional time for seeking an extension of her rehabilitative alimony and dismissed her petition. The wife filed this appeal.
Ordinarily, a request for continued rehabilitative alimony must be made before the expiration of the rehabilitative period. See, e.g., Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975); Elkins v. Elkins, 287 So.2d 119 (Fla. 3d DCA 1973). But here, unlike Lee and Elkins, the trial court expressly reserved jurisdiction to extend the rehabilitative alimony period if, at the end of the period, the facts warranted such an extension. Given this provision, the wife was not required to assess her needs until that period expired. We think the wife, by filing her petition within forty-two days after the expiration of the rehabilitative period, did so within a reasonable time.
In view of our holding, we need not and do not reach the other issues raised by appellant.
Accordingly, we reverse the trial judge’s order and remand for consideration of the wife’s petition on the merits.
GRIMES, A.C.J., concurs.
SCHOONOVER, J., dissents with opinion.