PER CURIAM.
The marriage of Bernice and Bruce Griffin was dissolved in 1982. The final judgment provided for lump sum alimony payable for five years and rehabilitative alimony, for three years. That judgment was affirmed by this court in Griffin v. Griffin, 436 So.2d 968 (Fla. 3d DCA 1983). In January, 1986, well after the rehabilitative period had ended, Bernice sought modification of the rehabilitative alimony. The trial court denied the motion to modify on the stated basis that it was without jurisdiction since the rehabilitative period had ended. Thereafter, Bernice sought to modify the final judgment, and the trial court again denied her motion for lack of jurisdiction. We affirm.
At the outset we note that, with respect to rehabilitative alimony, the final judgment provides that “the wife is awarded rehabilitative alimony ... for a total of 36 months. Prior to the expiration of said time ... an application to this Court for appropriate relief shall be entertained, and jurisdiction is reserved for that purpose.”
The essence of the wife’s argument in this case is that, because the lump sum alimony award is still executory (wife acknowledges payments on the lump sum award are current), she is somehow entitled to seek to modify the now-expired rehabilitative award or, in the alternative, to modify the final judgment to provide permanent periodic alimony. In Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982), this court noted that the issue of the modification of rehabilitative alimony is a jurisdictional one. We held that a “trial court retains jurisdiction to consider a petition for modification or extension of rehabilitative alimony as long as it is filed within the period of rehabilitation provided by the final judgment.” Id. at 229. A necessary corollary to the Pujáis decision is that either a petition to modify rehabilitative alimony or a petition to modify final judgments to convert rehabilitative to permanent alimony is untimely when filed beyond the rehabilitative period. The trial court, therefore, cor *1316 rectly concluded that it was without jurisdiction. Nor can the wife piggyback modification of rehabilitative alimony on to the still-executory, lump sum payments in an attempt to find a jurisdictional basis for the trial court to otherwise modify its final judgment. That issue was disposed of by our supreme court in Gedney v. Gedney, 117 Fla. 686, 158 So. 288 (1934) (trial court without jurisdiction to rule on certain matters in divorce suit when they were not within the purview of the matters for which the court retained jurisdiction).
The order of the trial court dismissing the wife’s petition to modify the final judgment is, accordingly,
AFFIRMED.