WENTWORTH, Judge.
Appellant, former wife, seeks review of an order dismissing her petition for modification of rehabilitative alimony. She contends the trial court erred in dismissing the petition for lack of jurisdiction. We agree, and reverse, finding that because the petition was filed before the end of the rehabilitative period specified in the final judgment of dissolution, it was timely filed, and the court had jurisdiction to consider its merits.
The parties’ marriage of 26 years was dissolved on April 9, 1984. The final judgment of dissolution awarded appellant “the sum of $600 per month as rehabilitative alimony for a period of two years. The first payment of $600 shall be due and payable on May 1, 1984, and shall continue on the first day of each month thereafter for a period of two years.” Appellant on April 28, 1986 filed a supplemental complaint for modification, alleging that because of a physical injury she was unable to work or rehabilitate herself, and requesting that rehabilitative alimony be extended, modified to permanent alimony, and increased in amount. In a June 9,1986 order, the court dismissed the supplemental complaint on the ground that it lacked jurisdiction to consider the complaint because the complaint was filed after the date of the last payment of rehabilitative alimony and more than two years after the date of the final judgment.
Section 61.14, Florida Statutes, provides that when a party is required by court order to make alimony payments and the circumstances of either party have changed, “either party may apply to the circuit court ... for a judgment decreasing or increasing the amount of ... alimony, and the court has jurisdiction to make orders as equity requires.” Florida courts have held that, under this provision, the trial court retains jurisdiction to modify or extend rehabilitative alimony when a petition is filed within the period of rehabilitation provided by the final judgment. Pujals v. Pujáis, 414 So.2d 228 (Fla. 3d DCA 1982); Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975).
The final judgment here stated that appellant was to receive rehabilitative alimony for a period of two years beginning May 1, 1984, and payable the first day of each month thereafter for two years. By these terms, the rehabilitative period extended from May 1, 1984, to May 1, 1986, and the trial court had jurisdiction to consider appellant’s April 28, 1986 petition.
The order is reversed.
WIGGINTON and NIMMONS, JJ., concur.