548 So.2d 863 (1989)
Beverly Faye GLOVER, Appellant,
v.
Houston B. GLOVER, Jr., Appellee.
No. 88-0532.
District Court of Appeal of Florida, Fourth District.
September 13, 1989.
Joseph A. Murphy, III, Fort Lauderdale, for appellant.
Ronald A. Strauss, Neil Rose and Philip Glatzer of Highsmith, Strauss & Glatzer, P.A., Coconut Grove, for appellee.
PER CURIAM.
The wife filed a "petition for modification of property settlement agreement" alleging that the alimony provided under the agreement was rehabilitative in nature. The wife requested that the court award her permanent alimony because she was unable to rehabilitate herself. After trial, the court found from the evidence that pursuant to the agreement the wife was to receive monthly payments of $500 until October 1, 1981; that the husband continued to pay some monies to the wife to help with financial problems as late as December of 1983; but that the Petition for Modification was not filed until August of 1984. The court then denied the petition because it lacked jurisdiction to modify rehabilitative alimony when the petition was not filed prior to the expiration of the rehabilitative period.
Based upon the petition and the requests made therein, the trial court was correct. The case law is very clear that a petition for modification of rehabilitative alimony must be filed before the time for making the payments expires for the trial court to have subject matter jurisdiction over the issues. Griffin v. Griffin, 502 So.2d 1315 (Fla. 3d DCA 1987); Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981); Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981). Even the limited exception to that rule found in Monihon v. Monihon, 492 So.2d 775 (Fla. 2d DCA 1986), is not applicable here.
We therefore affirm the final judgment of the trial court.
DOWNEY and WARNER, JJ., concur.
WESSEL, JOHN D., Associate Judge, concurs specially with opinion.
WESSEL, JOHN D., Associate Judge, concurring specially.
I concur with the result reached by the trial court and this court because the application for modification of rehabilitative alimony was filed after the expiration of the last rehabilitative alimony payment. Griffin v. Griffin, 502 So.2d 1315 (Fla. 3d DCA 1987); Veach v. Veach, 407 So.2d 308, 310 (Fla. 4th DCA 1981); Myrick v. Myrick, 402 So.2d 452, 453 (Fla. 5th DCA 1981). However, the terms of the parties' property settlement agreement place conditional provisions for the receipt of additional support. The relevant provisions provide:
ARTICLE IV ALIMONY
The Husband shall pay to the Wife for her support and maintenance the sum of FIVE HUNDRED AND NO/100 ($500.00) DOLLARS per month. This sum shall be payable the first day of every month commencing contemporaneously with the entry of the Final Judgment in the above-referenced action for Dissolution of Marriage. This obligation shall remain in effect until Wife dies or remarries, but not beyond October 1, 1981. Further, the Husband agrees to extend payments beyond aforesaid date if the financial circumstances of the Wife have not shown substantial improvement. The Husband also agrees to increase the above described monthly support payments if it appears that during any one month that the Wife cannot meet her financial obligations for that month. (Emphasis supplied)
The husband's obligation under this provision extends beyond the payment of rehabilitative alimony. In fact, the husband extended payments through December 1983. That portion of the obligation which was rehabilitative alimony, has, in fact, become fully executed. However, the obligations of the husband do not stop there. As Judge Letts stated in Veach v. Veach:

*864 We agree that the purpose of rehabilitative alimony is to sustain the dependent spouse until he or she can "go it alone." As a consequence, if it transpires that the dependent cannot go it alone, it would defeat the entire equitable concept of what alimony is all about to be unable to extend it. At the very time of dissolution, in contrast to what is foreseen when permanent support is awarded, it was envisaged that the wife gradually undergo a change of circumstances and become self-supporting. The hope for change has not taken place and its failure to materialize is most certainly a change in expectation or, as we perceive it, a change of circumstance in reverse.
407 So.2d at 310.
The clear language in the agreement between the appellant and the appellee in the case at bar provides an expectation in the absence of an ability of the wife to support herself even after the rehabilitative period expired.
In Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982), a case similar to the present case, Judge Schwartz stated:
We reverse the order below on the sole ground that, by virtue of its inherent as well as statutory authority and even without an express reservation, the trial court retains jurisdiction to consider a petition for modification or extension of rehabilitative alimony as long as it is filed within the period of rehabilitation provided by the final judgment.
Id. at 229 (footnotes and citations omitted).
In Monihon v. Monihon, 492 So.2d 775 (Fla. 2d DCA 1986), the wife filed a petition for extension of rehabilitative alimony forty-two days after the expiration of the rehabilitative period. The final judgment provided that the court reserves jurisdiction to extend the rehabilitative period if, at the end of the period, the facts warranted extension. The court concluded:
Given this provision, the wife was not required to assess her needs until that period expired. We think the wife, by filing her petition within forty-two days after the expiration of the rehabilitative period, did so within a reasonable period of time.
Here provisions of the agreement clearly provide a executory obligation on the part of the husband in the future, based on circumstances outlined in the agreement, requiring the husband to face a potential obligation of additional support. Based upon this analysis the trial court may have lost jurisdiction for the consideration of rehabilitative alimony due at the expiration of time of the last payment, but there is no limitation on the trial court's jurisdiction to modify the final judgment of dissolution of marriage to provide permanent support for the wife in the future, should a substantial change in circumstances be demonstrated or other terms of the agreement be met. For this reason I concur in the result of the trial court and this court, with the limitations expressed herein.