COBB, Judge.
The issue on this appeal is whether the trial court abused its discretion by converting an award of rehabilitative alimony to permanent alimony pursuant to a modification hearing.
The original dissolution judgment entered October 30, 1984, equitably distributed the marital assets by awarding the former wife $225,000.00 in lump sum alimony and the entire interest in the marital domicile, then appraised at $225,000.00 with an approximate equity of $186,000.00. She was also awarded rehabilitative alimony of $2,400.00 per month for a four-year period (11/1/84 — 11/1/88) and $1,000.00 per month for a one-year period thereafter (11/1/88 — 11/1/89). The former wife, who has a bachelor’s degree in zoology and had been a school teacher prior to the marriage in 1969, did not work outside the home after 1970. At the time of dissolution, she was 40 years of age and in good health. The parties had two sons, both now emancipated. The original judgment was appealed and affirmed by this court. Wright v. Wright, 491 So.2d 1160 (Fla. 5th DCA 1986).
It is undisputed that the former husband was and is financially able to respond to the established needs of the former wife. She is not entitled, however, to benefit from any enhanced ability to pay acquired by the former husband since dissolution. See Irwin v. Irwin, 539 So.2d 1177 (Fla. 5th DCA 1989); Howerton v. Howerton, 491 So.2d 614, 615 (Fla. 5th DCA 1986); cf. Stebbins v. Stebbins, 435 So.2d 383, 385 (Fla. 5th DCA 1983). The principal ground asserted in the former wife’s petition for modification, however, was as follows:
Since the entry of the final judgment after motion for rehearing described above, a substantial change in circumstances has occurred warranting the Court’s re-examination of the Former Husband’s alimony ... obligations described above. Specifically, the Former Husband has experienced a substantial increase in earnings, net worth, and assets since the entry of the final judgment after motion for rehearing....
This point in regard to the husband’s improved financial status subsequent to dissolution is reiterated later in the petition:
The former husband has, since the entry of the final judgment, increased his assets, increased his earning ability and income and increased his ability to contribute to the former wife....
In point of fact, no other substantial change of circumstances was pled or proved by the former wife to serve as a basis for modification. During the rehabilitation period she has renewed her certification and become re-employed as a school teacher, as apparently contemplated by the original judgment, and she has retained the home, which has increased in value. The record simply does not support a finding that the trial court’s objectives for rehabilitation at the time of the original judgment were not achieved. See O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). If the trial court’s objectives were not achieved, then it could only be attributed to the former wife’s lack of reasonable diligence and her own independent choice. See Maher v. Maher, 505 So.2d 1107 (Fla. 4th DCA 1987); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975). The evidence in regard to the former wife’s efforts at rehabilitation was that she waited three years after judgment to become employed and has derived no income from a “four bedroom, three and one-half bath home with a separate family room, library, study and work rooms.”
The record below and the modification judgment indicate that the successor judge who presided at the modification hearing simply disagreed with the predecessor judge’s failure to grant permanent alimony in the original judgment of dissolution. But it has long been the rule in Florida that a successor judge may not review and reverse on the merits and on the same facts the final orders and discretionary rulings of his predecessor, absent special circumstances such as mistake or fraud upon the court. Groover v. Walker, 88 So.2d 312 (Fla.1956); Happ v. Lockett, 543 So.2d 1281 (Fla. 5th DCA 1989); Globe Aero Ltd., Inc. v. Air and General Finance Ltd., 537 *1195 So.2d 628 (Fla. 3d DCA 1988), review dismissed, 542 So.2d 1332 (Fla.1989); State v. Powell, 460 So.2d 421 (Fla. 5th DCA 1984), dismissed, 466 So.2d 218 (Fla.1985); Hood v. State, 415 So.2d 133 (Fla. 5th DCA 1982); and Boeing Company v. Merchant, 397 So.2d 399 (Fla. 5th DCA 1981), review denied, 412 So.2d 468 (Fla.1982). No such special circumstances were shown.
REVERSED.
COWART, J., concurs.
SHARP, W., J., dissents with opinion.