W. SHARP, Judge,
dissenting.
I respectfully dissent. The primary error here is the majority opinion’s failure to give the trial court due credence in its fact-finding function, and the majority’s reweighing of evidence presented to the trial court. Both are forbidden to appellate courts by appellate law. See Marsh v. Marsh, 419 So.2d 629 (Fla.1982); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); Bradley v. Bradley, 347 So.2d 789 (Fla. 3d DCA 1977). Finally, I seriously question the wisdom and validity of the majority’s reliance on the successor trial judge analogy. It may frequently occur that the trial judge who hears a modification petition in a dissolution case is not the original trial judge. However, that circumstance does not in any way deprive the second trial judge of jurisdiction or power to modify the judgment where, as here, appropriate evidence and circumstances exist.
This proceeding commenced with the former wife’s petition to modify the original dissolution judgment with regard to child support, health insurance, and alimony. She alleged a substantial change in circumstances: the former husband’s net worth and income had increased since the dissolution. She also alleged that even though she was now employed and earning a salary as a public school teacher, without continuing alimony her income would not be sufficient to enable her to live in a manner reasonably commensurate with the standard of living established during the parties’ long-term marriage. Prior to trial, the parties resolved all support issues, except alimony.
The trial judge heard two days of testimony and reviewed the lengthy transcript of the original dissolution hearing. He concluded:
The parties lived an extremely lavish lifestyle during at least the last 6 years of their marriage. The trial court apparently felt that the combination of growth and the appreciation in the lump sum assets, provision of adequate support for four years, and the wife’s own efforts at rehabilitation would allow her to establish a somewhat commensurate life-style by this time.
5⅜ ⅜ ⅝ 5-C # ⅜
The apparent objectives of the trial court in establishing a schedule for temporary rehabilitative alimony have not been met. The former wife, although working full-time as a public school science teacher, has a total income from all sources excluding support of less than $35,000 per year.
* ⅜ ⅜ * sfc ⅝.
The failure of the former wife to meet the objectives of the trial court for her rehabilitation is not due to her own lack of diligence. While continuing her duties as a residential parent, she has fulfilled the educational requirements to become recertified as a teacher and has diligently sought and obtained employment. She has not wasted assets.
* * sjc * ⅜ *
The former husband has continued to prosper and enjoys a life-style which is at least commensurate to that of the parties during marriage. He has. been able to accomplish this while paying $3,000 per month in spousal and child support.
The trial court concluded that the former wife could not, without continued permanent alimony, maintain herself at anywhere near the level she experienced during marriage. Her living expenses totalled $52,000 per year, and her total income from assets and her job was $35,000. The court, however, reduced the alimony to $1,500 per month, on the assumption that the former *1196 wife could sell the marital residence where she and the two sons of the marriage had been living, and use some of the equity to produce additional income. The court also must have concluded, by converting the award from rehabilitative to permanent alimony, that without support from the former husband there was no reasonable basis to expect that the former wife will ever be in a position to enjoy a much higher level of income than she is presently earning.
The issue properly before this court is whether there was substantial and competent evidence to support the trial court’s modification judgment, and whether the trial court breached the very broad discretion given to it in such matters. Peters v. Peters, 366 So.2d 512 (Fla. 2d DCA 1979); Benz v. Benz, 355 So.2d 214 (Fla. 1st DCA 1978); Gaddy v. Gaddy, 415 So.2d 37 (Fla. 1st DCA 1982). I submit there was adequate and abundant evidence to support the trial court’s determination, and it did not abuse its discretion. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Powell v. Powell, 421 So.2d 575 (Fla. 5th DCA 1982).
The evidence was also somewhat conflicting, and had the trial court concluded otherwise, I would have voted to affirm. Bradley. For example, the former husband sought to show that his former wife was a social dilettante and a community volunteer, and that because of those undertakings she delayed her efforts to obtain a good-paying job. The former wife countered with testimony that she had applied for various other positions and had taken the teaching job because she was not qualified to take a better paying job. She delayed taking the job until her youngest child attained sixteen years of age and could drive. She was the primary custodial parent for both children, and she felt it was in the children’s best interest that she not seek full-time employment immediately following the divorce. See Cann v. Cann, 334 So.2d 325, 329 (Fla. 1st DCA 1976). Significantly, the trial judge found the former wife “diligently sought and obtained employment.” However this court concludes that the former wife’s failure to earn more income was due to her “lack of reasonable diligence and her own independent choice!”
The conversion of rehabilitative alimony to permanent alimony by a trial court may rest on a showing of a change in circumstances, but it may also rest on a finding that the income-earning objectives for the spouse awarded temporary alimony have not been achieved, due to no fault on the part of such spouse.[1] If the receiving spouse petitions for a modification prior to the end of the rehabilitative period, the trial court has jurisdiction to grant such relief pursuant to section 61.14, whether or not the original court expressly reserved jurisdiction to do so. Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975). Here, the original judgment made such an express reservation.
In such a modification proceeding, the trial judge must consider whether or not the original rehabilitation plan has been met. It necessarily requires the trial judge to put himself in the position of the original judge. If no express guidelines or assumptions were articulated by the original trial judge, as in most cases they are not, the trial judge hearing a modification case is justified in assuming the original judge formulated his rehabilitative plan within the general parameters or goals expressed in such cases: that the recipient spouse, through job earnings and income from assets will, over the rehabilitative period, attain a total income level close to that enjoyed during the marriage. Womble v. Womble, 521 So.2d 149 (Fla. 5th DCA) rev. denied, 528 So.2d 1184 (Fla.1988); O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982). If that has not occurred, through no fault of the receiving spouse, then the trial judge may modify the alimony award to make it permanent. Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981).
*1197 Here, the evidence supported the trial judge’s determination. He found the former wife had not wasted assets and she had sought employment diligently. The original court may have assumed greater income would be earned on the lump sum assets awarded, or that the former wife would be fortunate enough to earn a higher income. Such rehabilitative awards are always speculative and dependent on future occurrences. O’Neal; Lee. If the hoped for scenario does not work out, the modification proceeding can make amends, with 20/20 hindsight. Lee; Newsome v. Newsome, 456 So.2d 520 (Fla. 1st DCA 1984).
The record showed the parties’ former marital living expenses far exceeded $57,-000 per year. During the last year of the marriage, the former husband gave the former wife $57,000 just to run the household. His income in 1984 was $175,000 per year. Without continued support from the former husband, the former wife’s total income will be only $35,000 per year. Even adding $1,500 per month alimony and some earnings from the marital residence when it sells, she will not be able to live a “lavish” life-style — nor one even close to that enjoyed during the marriage. It will be several pegs below that she enjoyed during marriage at best, and certainly far below the husband’s, which has steadily improved.
At the modification hearing, the former husband stipulated his income and current net worth was adequate to meet his former wife’s needs of $3,000 plus per month. At the hearing, the trial court expressly stated that the former husband’s current net worth and income was “not really the question.” The attorney for the former husband replied “[tjhat’s correct.” Thus, the modification judgment was not based on a change of economic circumstances favoring the former husband, following the divorce. Rather, the trial court properly confined itself to considering the standard of living the former wife enjoyed during her marriage to the former husband. O’Neal.
Res judicata is definitely not involved in this type of proceeding,[2] any more than is a successor trial judge re-finding facts heard by his predecessor. In modification proceedings, the issues are different than in the original case, because the parties’ circumstances are set in a different time and situation. It is not proper in this case to reverse this trial judge because he disagreed with the original trial judge on the propriety of awarding permanent alimony in the first instance. That, I submit, is a misconstruction of the appealed judgment in this case, and an unfortunate misapplication of the law in this area.

. See Akers v. Akers, 518 So.2d 292, 294 (Fla. 5th DCA 1987) ("Rehabilitative alimony can be modified by ... conversion of the award to permanent alimony if rehabilitation is not achieved within the original period provided."); Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975).

. O’Neal v. O’Neal, 410 So.2d 1369, 1372 (Fla. 5th DCA 1982); Greene v. Greene, 347 So.2d 1090, 1092 (Fla. 1st DCA 1977).