PER CURIAM.
Finding that the trial court lacked jurisdiction to modify rehabilitative alimony because appellee failed to file her motion within the five year rehabilitative period, we are compelled to vacate the trial court order and remand for dismissal. See section 61.14, Fla.Stat.; Wright v. Wright, 559 So.2d 1193, 1195 (Fla. 5th DCA 1990); Glover v. Glover, 548 So.2d 863 (Fla. 4th DCA 1989); Paulk v. Paulk, 504 So.2d 790 (Fla. 1st DCA 1987); Griffin v. Griffin, 502 So.2d 1315 (Fla. 3d DCA 1987); Pratt v. Pratt, 502 So.2d 1001 (Fla. 2d DCA 1987); Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982); Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981); Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981); Lee v. Lee, 309 So.2d 26 (Fla.2d 1975); Gedney v. Gedney, 117 Fla. 686, 158 So. 288 (1934).
REVERSED and REMANDED.
ZEHMER, MINER and ALLEN, JJ., concur.