VIRGINIA A. SCHRYVER, Appellant, v. JAMES
B. SCHRYVER, Respondent.

No. 21888

March 5, 1992                                     826 P.2d 569

*Silverman & DeCaria* and *Jarold Young,* Reno, for Appellant.

*Dyer & McDonald,* and *Valerie J. Cooney,* Carson City, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing a motion for modification of spousal support. On May 3, 1983, Virginia and James Schryver were divorced. The district court approved a written settlement agreement between Virginia and James, and incorporated the agreement into the decree of divorce. The agreement provided that James was to pay Virginia $1,200 a month in alimony beginning on October 1, 1982, and continuing for a period of eight years.

September of 1990 was to be the last month that James was required to make payments under the decree. At the beginning of the month, James sent Virginia a check in the amount of $1,000. A few days later he sent her a check in the amount of $200. Subsequently, on September 13, 1990, Virginia filed a motion pursuant to NRS 125.150(7)[1] to modify the alimony payments.

---

[1]NRS 125.150(7) provides that:

   If a decree of divorce, or an agreement between the parties which was ratified, adopted or approved in a decree of divorce, provides for

She requested that the payments be increased and extended for the remainder of her life.

On December 12, 1990, the district court entered an order dismissing Virginia's motion for modification. Although the district court did not specify its reasons for the dismissal, both parties to this appeal assume that the district court concluded that it lacked jurisdiction to consider Virginia's motion.

Virginia contends in this appeal that although James may have made his final alimony payment at the beginning of the month, the actual term of support did not end until September 30, 1990. Therefore, because she filed her motion on September 13, 1990, she asserts that the district court had jurisdiction to consider it.

The issue presented is one of first impression in Nevada. We have considered the conflicting authorities from other jurisdictions and have concluded that Virginia's argument has merit. Because Virginia's motion was filed within the period of support as contemplated by the divorce decree, it was timely. *See* Pujals v. Pujals, 414 So.2d 228 (Fla.Dist.Ct.App. 1982) (motion to extend alimony was timely even though it was filed on the last day of the period of support, after the final payment had been made). To hold otherwise would allow a payor spouse to deprive the court of jurisdiction simply by making advance payments.

Accordingly, we reverse the order of the district court dismissing the motion for modification, and we remand for further proceedings.

---

specified periodic payments of alimony, the decree or agreement is not subject to modification by the court as to accrued payments. Payments pursuant to a decree entered on or after July 1, 1975, which have not accrued at the time a motion for modification is filed may be modified upon a showing of changed circumstances, whether or not the court has expressly retained jurisdiction for the modification.