SHIVERS, Judge.
This appeal is from a final order modifying a judgment of dissolution of marriage, granting a continuation of rehabilitative alimony at a reduced monthly rate, and denying a request for permanent alimony. The former husband argues on appeal that the trial court lacked jurisdiction, and the former wife cross appeals the denial of the request for permanent alimony. We find the trial court had jurisdiction, but we reverse the denial of permanent alimony.
Lee Roy Hall (the husband) and Alio K. Hall (the wife) were married for twenty-nine years when Mrs. Hall petitioned for divorce. An amended final judgment of dissolution of marriage was entered on July 27, 1988. The judgment provided,
The Respondent shall pay the Petitioner $1500.00 per month, payable $750.00 twice a month, as rehabilitative alimony for a period of one year from June, 1988. At the end of one year, if the wife has not obtained permanent full time employment, the alimony shall continue for an additional period of time until the wife can obtain full time employment.
The judgment incorporated a settlement agreement which required that the husband provide health insurance for the wife and an insurance policy on his life naming the wife as the beneficiary. Paragraph four of the 1988 judgment states, “Jurisdiction of this cause and the parties to it is retained for entry of such further orders as may be proper.”
One year after the husband began making alimony payments, the wife had not obtained full time employment. The husband discontinued the wife’s health and life insurance policies. He continued paying alimony until August 1990, when he filed a petition for modification of the judgment of dissolution. The husband alleged a new marriage and impending retirement constituted a substantial change in circumstances, and he sought to be relieved of the alimony obligation.
The wife counter-petitioned by requesting that the rehabilitative alimony be converted to permanent periodic alimony. The husband filed a motion to dismiss the wife’s petition on the ground the petition was filed after the period of rehabilitative alimony expired) and therefore the trial court lacked jurisdiction.
A hearing was conducted to hear argument and take evidence on the various pleadings. The evidence indicated the wife had a history of psychological difficulties requiring medication, and she is presently unable to cope emotionally with people or stress. She has a tenth grade education and was unable to complete a G.E.D. course. The wife suffers from arthritis, an ulcer, multiple allergies and respiratory problems. She obtained a part time job as a seamstress, but she could not keep the job because of the stress of having to deal with other people. She has no assets.
The trial court denied the husband’s motion to dismiss on the ground there was no specific cutoff date for the rehabilitative alimony. The trial court modified the 1988 final judgment so that the wife would receive rehabilitative alimony of $600.00 per month for one year retroactive to September 7, 1990. The husband was ordered to maintain health and life insurance in accordance with the 1988 final judgment. The trial court denied the wife’s request for permanent alimony.
The husband appeals the denial of his motion to dismiss and argues the trial court was divested of jurisdiction after the first year of rehabilitative alimony payments. “[A] petition for modification of rehabilitative alimony must be filed before the time for making the payments expires for the trial court to have subject matter jurisdiction over the issues.” Glover v. Glover, 548 So.2d 863 (Fla. 4th DCA 1989) (emphasis in original).
The wife cross appeals the denial of permanent alimony on the ground there is no reasonable likelihood she can support herself in view of her age and circumstances. *299 See O’Neal v. O’Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).
The trial court found that there is no specific cutoff time for payment of rehabilitative alimony which would divest it of jurisdiction. We agree. The settlement agreement “must be viewed as any other contract, and where the terms are unambiguous, the agreement itself is evidence of the parties’ intention and the meaning of the instrument.” Joyce v. Joyce, 563 So.2d 1126, 1127 (Fla. 1st DCA 1990) (citing Petty v. Petty, 548 So.2d 793, 796 (Fla. 1st DCA 1989)).
The provision regarding rehabilitative alimony is unambiguous. At no time did the wife obtain full time employment, and rehabilitative alimony payments were thus due and owing when the petitions for modification were filed. We find that the trial court retained jurisdiction to rule on the petitions. Glover, 548 So.2d at 863.
Further, we hold that the trial court abused its discretion by finding, in essence, that there is a reasonable likelihood the wife can support herself in view of her age and foreseeable physical and emotional condition. See Tonnelier v. Tonnelier, 571 So.2d 522 (Fla. 1st DCA 1990); see also, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980) (factors trial court must consider in deciding whether to award permanent periodic alimony include the duration of the marriage, the need for the funds, and the parties’ earning ability, age, health, and education).
Accordingly, we reverse the denial of permanent alimony and remand to the trial court to determine the proper amount. The requirement that the husband maintain health and life insurance in accordance with the 1988 final judgment is affirmed.
AFFIRMED in part, REVERSED in part and REMANDED for further proceedings consistent herewith.
BOOTH and MINER, JJ., concur.