636 So.2d 77 (1994)
Susan R. KELSEY, Appellant,
v.
Douglas Wayne KELSEY, Appellee.
No. 93-0988.
District Court of Appeal of Florida, Fourth District.
March 23, 1994.
Rehearing and Rehearing Denied May 20, 1994.
*78 Tim Arcaro and Kathleen M. Sovic, Certified Legal Intern of Legal Aid Soc. of Palm Beach County, Inc., West Palm Beach, for appellant.
Darryl P. Figueroa of Renick, Singer, Kamber, Fleck & Fischer, Lake Worth, for appellee.
EN BANC
Rehearing and Rehearing En Banc Denied May 20, 1994.
ANSTEAD, Judge.
The trial court dismissed the former wife's petition for modification because it was filed after the time the former husband was obligated to, and did make, his last payment of rehabilitative alimony. We reverse and hold the petition for modification, which was filed within the two-year term provided for rehabilitative alimony, was timely filed and properly invoked the trial court's jurisdiction to consider modification.
In Mouton v. Mouton, 590 So.2d 40 (Fla. 2d DCA 1991), the Second District held the end of the term for rehabilitative alimony, rather than the status of a spouse's obligation for making payments, determined the time limits for filing a petition for modification. In Mouton the court stated:
Section 61.14, Florida Statutes (1989), extends jurisdiction to the trial courts to "make orders as equity requires" to modify an award of alimony. The Third District has held that a trial court has jurisdiction under this section to consider any motion to modify rehabilitative alimony that is filed within the rehabilitative term. Pujals v. Pujals, 414 So.2d 228 (Fla. 3d DCA 1982). This is true without regard to the jurisdictional language of the final judgment. We agree with this result, and followed it in Laux [Laux v. Laux, 543 So.2d 462 (Fla. 2d DCA 1989),] without discussing Lee [Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975)].
If the court's jurisdiction were dependent upon the status of one spouse's payments, that spouse could simply prepay rehabilitative alimony and avoid any risk that the other spouse, as a matter of equity, was entitled to an extension of alimony at the close of the term. Such unilateral control of alimony is not compatible with the goals and purposes of rehabilitative alimony, and section 61.14, Florida Statutes (1989), does not require this court to limit the trial court's jurisdiction in such an arbitrary fashion. Such a limitation on jurisdiction might also encourage the spouse receiving alimony to prematurely request modification of rehabilitative alimony. Accordingly, we recede from the language in Lee and Brown [Brown v. Brown, 338 So.2d 916 (Fla. 2d DCA 1976),] which suggests that the trial court may lack jurisdiction to modify rehabilitative during the term of rehabilitation.
Id. at 41. We agree with this analysis and adopt it herein.
Generally speaking, when support is awarded the court retains jurisdiction to enforce the award and to consider modification at any time during the period provided for support. For instance, when permanent periodic alimony is awarded, a petition for modification may be filed at any time, since the period for support is ongoing. In other words, the trial court's continuing jurisdiction is determined by the length of the period of support. The result should be no different for rehabilitative alimony. Consequently, it is when the rehabilitative period actually expires that the court's supervisory jurisdiction ends.
The extension of jurisdiction to the end of the term is also consistent with the policy underlying rehabilitative alimony. Rehabilitative alimony is intended to provide support for a limited period of time to assist a former *79 spouse to become self-supporting. Ordinarily, the longer the rehabilitative scheme is allowed to proceed the more accurate any assessment of its effect will be. Theoretically, the success of the rehabilitation cannot be determined until the temporary period of support ends and the spouse's ability to support herself is reassessed. Continuing jurisdiction until the end of the term will hopefully encourage the parties to give rehabilitation a full chance, and enhance the court's ability to evaluate the rehabilitation if modification is sought.
The trial court and the former husband understandably relied on language from two prior decisions of this court to support a position that the last date that a support payment is due or made is the deadline for filing. In Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981), this court affirmed a trial court's modification of rehabilitative alimony to permanent alimony. The opinion is silent as to when the petition was filed but it does quote with approval the holding in Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981): "`so long as the petition for modification is filed before the time for making payments has expired, the trial court continues to have subject matter jurisdiction to hear and decide the issues raised by the petition even after the rehabilitation period has run.'" Veach, 407 So.2d at 310 (quoting Myrick, 402 So.2d at 453). In Glover v. Glover, 548 So.2d 863 (Fla. 4th DCA 1989), this court held a petition was untimely when it was filed after both the time for making payments and the rehabilitative term had expired. We recede from any language in Veach and Glover indicating a petition filed within the rehabilitative term would not be timely.
Accordingly, because it is undisputed that the former wife's petition for modification was filed within the two-year term for which rehabilitative alimony was provided, we reverse and remand with directions that the petition be reinstated, and for further proceedings in accord herewith.
DELL, C.J., and HERSEY, GLICKSTEIN, GUNTHER, STONE, WARNER, POLEN, KLEIN, PARIENTE and STEVENSON, JJ., concur.
FARMER, J., concurs in part and dissents in part with opinion.
FARMER, Judge, concurring and dissenting.
I certainly agree that we should not deem a trial court's jurisdiction ended before any term of rehabilitative alimony has expired. I have a problem, however, with the holding that "the trial court's continuing jurisdiction is determined by the length of the period of support." I do not understand why the court's continuing jurisdiction is at all thought to be tied to the support period.
Section 61.14(1), Florida Statutes (1993), provides in pertinent part:
"when a party is required by court order to make any payments, and the circumstances of either party changes * * * either party may apply to the circuit court in which * * * the order was rendered, for an order decreasing or increasing the amount of * * * alimony, and the court has jurisdiction to make orders as equity requires, with due regard to the changed circumstances or the financial ability of the parties * * * decreasing, increasing, or confirming the amount of * * * alimony provided in the order." [e.s.]
It is apparent to me that the intent here is to allow the circuit court to modify alimony at any time when changed circumstances suggest doing so. Once jurisdiction attaches as to the dissolution of the marriage, this statute holds that such jurisdiction continues, as it logically should, as to all matters relating to support and alimony, whenever they might arise.
In the case of rehabilitative alimony, which one conceives would always begin with a fixed term, I have no reason to think that the legislature foreclosed the possibility of resuming or continuing rehabilitative alimony after a previously ordered term had ended. That might be necessary where changed circumstances for the receiving spouse implicate the need for a continuation or resumption of assistance for some temporary period of time.
The question here, however, is not what kind of facts would support such a resumption *80 or continuation, but whether the court has jurisdiction to consider that application. As I read section 61.14, the legislature has said that jurisdiction is effected when the dissolution proceeding was filed, and it never really ends as to the question of alimony. If I were to divine a period of jurisdiction from this text, I would leave it at the time-honored "reasonable time" and let the cases flesh out just what that means.
I also recognize that prior decisions of this court appear to have addressed this precise question. In Veach v. Veach, 407 So.2d 308 (Fla. 4th DCA 1981), we addressed the payor's contention that, where there was no reservation of jurisdiction in the final judgment, because the petition for modification failed to incant the magic words that a change in circumstances had occurred the trial court lacked jurisdiction to amend and modify alimony payments. At the same time, we expressly stated that the petition for modification did allege a change in circumstances, i.e. that the payor's income had increased and the payee's needs have changed. 407 So.2d at 309, n. 1.
Judge Letts's opinion does not discuss when the petition was filed. He did state, however, that where the rehabilitation of the payee has failed to materialize during the original term of impermanent alimony, that failure of rehabilitation is itself a change in circumstances authorizing an extension of alimony. He then proceeded to "hold" that:
"`so long as the petition for modification is filed before the time for making payments has expired, the trial court continues to have subject matter jurisdiction to hear and decide the issues raised by the petition even after the rehabilitation period has run.'" [e.o.]
407 So.2d at 310. This "holding" was borrowed from Myrick v. Myrick, 402 So.2d 452 (Fla. 5th DCA 1981), and Lee v. Lee, 309 So.2d 26 (Fla. 2d DCA 1975). I have put "holding" in quotes because, so far as I can see, no particular question as to the timing of the filing, i.e. before or after the expiration of the original prescribed period, of the petition for modification was raised in Veach. I thus sense that the "holding" as to timing was pure dicta.
Our decision in Glover v. Glover, 548 So.2d 863 (Fla. 4th DCA 1989), is another matter. There we affirmed a trial court dismissal of a petition for modification on the grounds the court lacked jurisdiction. The final judgment provided for payments through October 1, 1981, and the petition for modification was filed in August 1984. I should like to see us recede from that decision and adopt, instead, that part of Judge Wessel's concurring opinion in which he said that:
"there is no limitation on the trial court's jurisdiction to modify the final judgment of dissolution of marriage to provide permanent support for the wife in the future, should a substantial change in circumstances be demonstrated * * *."
548 So.2d at 864 (Wessel, J., concurring). That statement more nearly comports with the legislative directive than the one we adopt today.